STATE v. J. A. PORTER.

*Criminal Law— Cruelty to Animals, etc. — Shooting Pigeons for Sport.*

1. The shooting and killing or wounding of pigeons used as targets, for amusement and sport, is indictable as a violation of section 2482 of *The Code*.
2. The statute does not require the allegation or proof of torture or cruelty; except as involved in unnecessary suffering knowingly and willfully permitted.

INDICTMENT, tried before *II. B. Carter, Judge* of the Criminal Court of BUNCOMBE County, at July Term, 1892.

The defendant was indicted under section 2482 of *The Code*, found guilty and fined by a Justice of the Peace, and on the trial of his appeal to the Criminal Court the jury found, as a special verdict, in substance as follows: "That the defendant was a member of the 'Asheville Gun Club,' and together with other members of said club owned forty live pigeons, which they had obtained and kept in confinement for the purpose of using them as targets; that at the time stated in the indictment the pigeons were placed in traps singly and released therefrom and then and there shot as targets for sport and amusement by the defendant and other members of the club; that some of the pigeons were shot and killed outright by defendant, while some were wounded and then captured and immediately killed by persons employed for the purpose; others, shot by defendant, escaped apparently unhurt, while others escaped apparently more or less wounded; that of those which escaped apparently unhurt it was impossible to know whether all were unhurt or not, or whether any were seriously injured or not; that the wounding of said birds was not for the pur-

pose of inflicting pain or to torture the same by wounding, but resulted from want of skill—the purpose of defendant being then and there to kill the birds outright; that the pigeons which were killed outright or wounded and then captured and killed were subsequently used as food by the defendant and others; and that said pigeons were useful fowls."

Upon this special verdict the defendant was adjudged guilty and fined, and appealed.

*The Attorney General,* for the State.
*Mr. W. H. Malone,* for defendant.

BURWELL, J.: The statute under which the defendant is indicted is very comprehensive in its terms. It forbids (*The Code,* §2482) the willful wounding, injuring, torturing or tormenting, and the needless mutilation or *killing* of any useful beast, fowl or animal, and declares (section 2487) that any person who shall do any act towards the furtherance of an act of cruelty to any animal shall be guilty of a misdemeanor, and that "the words torture, torment and cruelty shall be held to include every act of omission and neglect whereby unjustifiable physical pain, suffering or death is caused or permitted," and then, as if to emphasize the prohibition by stating what is permitted, it enacts that "nothing in this chapter shall be construed as prohibiting the lawful shooting of birds, deer and other game for the purposes of human food."

As was said of a similar statute in *Commonwealth v. Turner,* 145 Mass., 296, this act does not require the allegation or proof of torture or cruelty, except as involved in unnecessary suffering knowingly and willfully permitted.

By the special verdict it is found that the suffering and death, for the permission or infliction of which the defendant is indicted, were so inflicted "for amusement and

sport." Man's desire for amusement and sport is no justification for the infliction of suffering or death upon any of the creatures protected by the statute now under consideration. It was enacted to protect the public morals, which the commission of cruel and barbarous acts tends to corrupt. *Commonwealth* v. *Turner, supra.* Since its enactment it has been unlawful in this State for man to gratify his angry passions or his love for amusement and sport at the cost of wounds and death to any useful creature over which he has control. Knowing that men of intelligence and refinement often differ as to what constitutes cruelty in one's treatment of dumb creatures, the Legislature has seen fit to define that word, and also the words "torture" and "torment," and has thus made its intent very plain.

Upon the facts established by the special verdict we think the defendant was properly adjudged guilty.

No Error.