Jelke, J.; Swing, P. J., and Gieeen, J.,
concur.
The plaintiff in error was tried and convicted before a magistrate on the charge of cruelly beating a horse. The case was affirmed in the court of common pleas, to which judgment proceedings in error are brought in this court.
The prosecution was conducted under and by virtue of sections 3714, 3718, 3718a and 6951 of the Revised Statutes.
Counsel for plaintiff in error contends that R S., 6951, contravenes sections 1 and 2,of article I of the bill of rights.
At common law cruelty to animals was not an indictable offense unless it partook of the nature of a trespass or a nuisance. Such cruelty has, in many of the United States, been made a misdemeanor, subject to punishment by fine and imprisonment by statutory enactment,
These statutes, which are similar in their terms and of which Revised Statutes, 6951, is a fair example, are passed by the legislature in the exercise of the police power of the state.
Judge Cooley in his Constitutional Limitations, chapter XVI., page 704, says:
“The police power of a state,in a comprehensive sense,embraces its whole system of internal regulation, by which the state seeks not only to preserve the public order and to prevent offenses against the state, but also to establish for the intercourse of citizens with citizens those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights and to insure to each the uninterrupted enjoyment of his own so far as is reasonably consistent with a like enjoyment of rights by others.”
Blackstone defines the public police and economy as — ■
“The due regulation and domestic order of the kingdom, whereby the inhabitants of a state, like members of a well-governed family, are bound to conform their general behavior to the rules of propriety, good neighborhood, and good manners, and to be decent, industrious and inoffensive in their respective stations.” 4 B1 Com., 162.
Chief Justice Shaw said in Commonwealth v. Ager, 7 Cush.:
*442 “The power we allude to is rather the police power; the power vested in the legislature by the constitution to make, ordain and establish all manner of wholesome and reasonable laws, statutes and ordinances, either with penalties or. without, not repugnant to the constitution, as they shall judge to be for the good and welfare of the commonwealth, and of the subjects of the same. It is much easier to perceive and realize the existence and sources of this power than to mark its boundaries, or prescribe limits to its exercise.”
The court said, in Commonwealth v. Turner, 145 Mass., 300, in regard to a similar law:
“The statute does not define an offense against the rights of property in animals or against the rights of the animals that are in a sense protected by it. The offense is against the public morals, which the commission of cruel and barbarous acts tends to corrupt.”
See also, Commonwealth v. Tilton, 8 Metcalf, 232; State v. Porter, 112 N. C., 887; Bishop on Statutory Crimes, section 1103.
Revised Statutes, 6961, therefore, is not in conflict with section 1, article I, of the bill of right as “an unwarranted and unreasonable restriction of the use of one’s own property, and in being for the protection of animals, not human beings,” and is in accord with section 2, article I, of said bill, in that it seeks to afford equal protection to all citizens from immoral conditions.
Counsel contend that section 2, article I, of the bill of rights, is violated in giving to the humane society the right to receive the fines imposed for offenses under this law.
If this objection is sound it can not be raised in this action.
If the definition of the misdemeanor and the imposition of a fine is a valid exercise of the police power, it does not lie in the mouth of a convicted defendant to question the application made by the state of the money when the fine is paid. If this objection were sound, it could only be raised by a taxpayer in a proper suit for that purpose.
Counsel for plaintiff in error says the cruelty to animals law is in conflict with section 19 of article I of the bill of rights, and the fifth and fourteenth amendments to the con *443 stitution of the United States, in attempting to take the property of the accused (the amount of the fine) and transfer it to a private corporation without the consent of the accused.
Charles J. Fitzgerald, for Plaintiff in Error.
Ellis B. Gregg, for Defendant in Error.
These provisions of the state and federal constitutions refer to the right of eminent domain, and have nothing to da with the imposition of a fine by virtue of the police power.
Sections 6951, 3714, 3718 and 3718a, Revised Statutes, to the extent that they define an offense and affix a penalty,, are laws of a general nature and of uniform operation throughout the state, and not in conflict with section 26, article II, of the constitution. There is nothing limiting their operation to Hamilton county, or to the Humane Society.
There is nothing in the record of this case to show that this prosecution was not carried on in the name and by the authority of the state of Ohio in violation of section 20, article IV, of the constitution.
Counsel for plaintiff in error contends that these several statutory provisions are in conflict with sections 1, 2, 3, 4, 5 and 6 of article VIII, sections 1 and 2 of article X, section 1 of article XIII of- the constitution of the state of Ohio.
Suffice it to say here that all these legislative acts are presumed to be constitutional, and this court having found that the plaintiff in error was duly and legally convicted of an offense under a constitutional provision of the statutes-in an action prosecuted in the name and under the authority of the state of Ohio, we are of opinion that the questions raised by the plaintiff in error as to the organization and powers of the Humane Society and the disposition of fines can not be raised in a criminal action of this nature, and are not pertinent to this inquiry, and hence we express no opinion on these points.
Judgment affirmed.

Synopsis of Briefs of Counsel.

Note —Chas. J. Fitzgerald, for Plaintiff in Error. The prosecution of plaintiff in error is commenced by the Ohio Human» *444 Society under sec.6961 R. S. as as amended 93 O. L. 16, and under the supposed authority of secs.3714 to 3721,but specially secs.3714, .3718 and 3718a. Sec. 6951 R. 8. contravenes secs. 1 and 2, art. 1, of Bill of Rights in being an unwarranted restriction of the use of one’s property and for the protection of animals, not of human beings. The state has no authority to pass suoh a law under its police power. Oooley Const. Lim., 6th JEd., 704. Cruelty to animals does not interfere with the rights of any citizen, and there is no recognized immorality in cruelly beating a horse. This law differs from food and game laws, the latter being for the protection of animals who serve as human food .and sustenance, but no one but the owner is injured by the killing or maiming of a horse. Government is instituted for the equal protection or benefit of the people, sec. 2, art. I, Bill ■ of Rights, but the act of 1898 is for the protection of animals. Animals have no rights which a man is bound to respect.
In giving the Humane Society the right to receive fines imposed for offenses against the laws of the state, the legislature has granted it a special privilege in violation of sec. 2 art. I, constitution. This law is also in conflict with sec. 19 art. I of the Bill of Rights, and the 5th and 14th amendments of U. S. constitution, in attempting to take property of the accused (the amount of the fine) and transfer it to a private corporation without the owner’s consent. 175 U. S. 684, 695; 166 U. S. 225, 236, 237; 164 U. S. 403 ; 3 O. S. 463; 3 Pa. St. 73; 6 Neb. 54, 71; 20 Wall. 655; 36 W. L. B. 331; 56 O. S. 576. 624-5-6.
The law conflicts with sec 26 art. II. in being a law of a general nature but not of uniform operation, in providing that all fines for its violation shall be paid to the Humane Society if any such society is organized in such county, etc, and sec. 3718a provides that the Humane Society may employ an attorney who shall be paid by the state, which provision however only .applies to Hamilton county, and is therefore a law of a general nature of limited application. 6 O. S. 270,; 47 O. S. 90, 94; 26 W. L. B. 102; 50 O. S. 103; 54 O. S. 284; 25 O. S 426.
Secs. 3714 to 3721 are in conflict with sec. 20, art. IV. constitution, in that the prosecution is by the Humane Society although in the name of the state. 6 Nisi Prius 357. Neither the state nor any of its officers are consulted in the matter of the prosecution. The law is in conflict with sec.6, art. VII of constitution in that by the imposition of fines and payment of private attorney’s fees and of costs and fees in cases of failure of prosecution, the oounty is authorized to raise money and loan its credit in aid and to pay the debts of the Ohio Humane Society. 60 Me, 124; Note by Judge Redfield, 12 Am. Law. Reg. N. S. 493; 111 Mass. 454; 10 Gush. 56; 16 Kan. 228.
Secs. 3714,3718, 3718a, and 6951 are in conflict with secs. 1 and 2, art. X. constitution, in that the legislature attempts thereby to constitute the Humane Society and its agents, state and county officers and to delegate to them police powers, and to appoint a prosecuting attorney to enforce the laws of the state. 6 Nisi Prius, 394; 6 Nisi Prius, 357. The seotions violate sec. 1 art. XII, in that eaoh is a speoial act conferring corporate powers on the Humane Society. 15 O. S. 21; 6 C.C. 430; Morawetz Priv. Oorp. sec. 6; 48 Oal. 495; 9 Iowa 30.
Ellis B, Gregg, for Defendant in Error: Plaintiff can not be *445 heard to complain of the party prosecuting him whether a Humane Society officer, police officer or other person signing the affidavit, and so if the defendant is guilty of the offense charged in the affidavit, the fact (if it were a fact) that the laws under which the Humane Society is organized are unconstitutional does not make him any' the' less guilty, and he can not he heard on such question.
He can not complain that the fine assessed against him is paid, under the law, to the Humane Society, or that it is misapplied. He has no property rights in it.
Only the constitutionality of the law creating the offense (seo. 6951 R. S.,93 O. L. 15) and the law under which the cases are prosecuted (sec. 3718a R. S., 94 O. L., 92) may be questioned in this case. No law will be declared unconstitutional unless it is clearly? and palpably in conflict with some provision of some article of the constitution. 45 O. S., 62-64-67; 1 O. S., 82; 20 O. S., 33; 38 O. S., 219. The plaintiff does not question the constitutionality of the part of'section 6951,93 O. L. 15, creating or defining the offenses punishable under that act, but contends that the concluding provision, viz.: “And all fines collected for violations of this section shall be paid to the society or association for the prosecution of cruelty to animals, if any society or association is organized in such county, township, village or city where such violations occurred.” renders the entire law unconstitutional. Conceding that for the purposes of this ease it may be strioken out, yet the rest of the law will stand. 3 O.S.,1; 47 O. S., 503. And the same is true of sec. 3718a giving magistrates jurisdiction of these offenses. It is the closing paragraph of that section, viz.: “And in cases brought for the violation of law for the prevention of cruelty to animals * * * the Humane Society or their agents may employ an attorney, eto.” that is relied upon to invalidate the law; for the purposes of this action, that provision of section 3718a R. S. 94 O. L. 92 may be stricken out, and the rest will stand a valid law.