ROYAL BEAMER v. STATE OF OHIO.

1. SECTIONS 3417, 3418, 3418a AND 6951, REV. STAT., CONSTITUTIONAL.

   The provisions of Secs. 3417, 3418, 3418a and 6951, Rev. Stat., making certain acts of cruelty to animals an offense and affixing a penalty are constitutional as within the police power of the state.

2. NOT A RESTRICTION AS TO USE OF PROPERTY.

   Section 6951, Rev. Stat., defining cruelty to animals and imposing a penalty for its violation is not in conflict with Sec. 1, Art. 1, of the bill of rights, as an unwarranted and unreasonable restriction of the use of one's own property and in being for the protection of animals, not human beings, and is in accord with Sec. 2, Art. 1, of the constitution, in that it seeks to protect all citizens from immoral conditions.

3. STATUTES REFERRED TO ARE UNIFORM IN OPERATION.

   Sections 6951, 3714, 3718, 3718.z, relating to cruelty to animals, to the extent that they define an offense and affix a penalty, are laws of a general nature and of uniform operation throughout the state, and are not in conflict with Sec. 26, Art. 2, of the constitution of Ohio, relating to uniform operation of laws. There is nothing in the laws referred to limiting their operation to Hamilton county or to the humane societies.

4. CONSTITUTIONAL PROVISION WHICH DO NOT RELATE TO FINES.

   Sec. 19, Art. 1, of the bill of rights, and the fifth and fourteenth amendments to the constitution of the United States, relating to attempts to take property and transfer it to a private corporation without the consent of the owner, refer to the right of eminent domain and have nothing to do with the imposition of a fine, or the subsequent disposition of it, by virtue of police power.

5. INQUIRY AS TO DISPOSITION OF FINE—TAXPAYER ONLY CAN MAKE.

   Where the definition of a misdemeanor and the imposition of a fine are a valid exercise of police power, it does not lie with a convicted defendant to question the application made by the state of the money when the fine is paid. If the objection is sound, it can only be presented by a taxpayer in a proper suit for that purpose.

6. RULE APPLIED TO FINES FOR CRUELTY TO ANIMALS.

   Under the foregoing rule, questions as to the organization and powers of humane societies as provided by Secs. 3714, 3718 and 3718a, Rev. Stat., and their right to receive fines imposed under Sec. 6951, Rev. Stat., cannot be raised in a proceeding in error by a defendant duly and legally convicted, in a prosecution in the name of the state, of cruelty to animals, and sentenced to pay a fine.

Beamer v. Ohio.

*Chas. J. Fitzgerald*, for plaintiff in error, cited:

Exercise of power: Cooley on Const. Lim. (6 ed.), 704, *et seq.*; Sec. 2, Art. 1, bill of rights.

Humane Societies—Granting special privileges: Dartmouth College v. Woodward, 17 U. S. 4 [Wheat.], 518; State v. Haff, 52 Ohio St., 375 [40 N. E. Rep., 720]; State v. Ferris, 53 Ohio St., 314 [41 N. E. Rep., 579].

Section 19, Art. 1, bill of rights: L. S. & M. S. Ry. Co. v. Smith, 173 U. S., 684, 695; Chicago, etc., Ry. Co. v. Chicago, 166 U. S., 226, 236, 237; Missouri Pac. Ry. Co. v. Nebraska, 164 U. S., 403. McCoy v. Grandy, 3 Ohio St., 463; Phila. Assn. v. Wood, 39 Pa. St., 73; Turner v. Althaus, 6 Neb., 54, 71; Loan Assn. v. Topeka, 87 U. S. [20 Wall], 655; State v. Guilbert, 56 Ohio St., 575, 624, 625, 626 [47 N. E. Rep., 551]; Marsh v. Poston, 54 Ohio St., 681 [47 N. E. Rep., 1114].

Laws of a General Nature—Limited Application: Kelley v. State, 6 Ohio St., 270; State v. Ellet, 47 Ohio St., 90, 94 [23 N. E. Rep., 931]; State v. Somers, 11 Dec. [Re.], 311; Commissioners v. Rosche, 50 Ohio St., 103 [33 N. E. Rep., 408]; Cincinnati v. Steinkamp, 44 Ohio St., 284 [43 N. E. Rep., 490].

Act defining and punishing crime necessarily a law of a general nature: Ex parte Van Hagan, 25 Ohio St., 426, 431. Sec. 20, Art. 4, Const.; Fagin v. Humane Society, 9 Dec., 341 [6 N. P., 357].

No authority to tax to pay debts of private corporation: Phila. Assn. v. Wood, 39 Pa. St., 73, 82; Allen v. Jay, 60 Me. [11 Am. Rep., 185 and note], Lowell v. Boston, 111 Mass, 454; Cooley v. Granville, 10 Cush. 26; McConnell v. Hamm, 15 Kan., 228; Taylor v. Commissioners, 23 Ohio St., 22.

Attempt to constitute state and county officers: State v. Lewis, 5 Dec., 371 [5 N. P., 394]; Fagin v. Humane Society, 9 Dec., 341 [6 N. P., 357].

Special act, conferring corporate power: Atkinson v. Railroad Co., 15 Ohio St., 21; Merrill v. Toledo, 3 Circ. Dec., 524 [6 R., 450]; Maraenty Priv. Cor., 86; San Francisco v. Water Works, 48 Cal., 493. Ex parte Pretz, 9 Iowa, 30; Atkinson v. Railroad Co., 15 Ohio St., 21;

*Ellis B. Gregg*, for defendant in error, cited,

No law should be declared unconstitutional unless clearly in conflict with the constitution: Marmet v. State, 45 Ohio St., 63, 64, 67 [12 N. E. Rep.] 463]; Cincinnati, W. & J. R. R. Co. v. Clinton Co., 1 Ohio St., 77, 83; State v. Cincinnati, 20 Ohio St., 18, 33; State v. Hipp, 38 Ohio St., 199, 219;

May be valid in part: Treasurer v. Bank, 47 Ohio St., 503 [25 N. E. Rep., 697].

JELKE, J.:

The plaintiff in error was tried and convicted before a magistrate on the charge of cruelly beating a horse. The case was affirmed in the court of common pleas, to which judgment proceedings in error are brought in this court.

The prosecution was conducted under and by virtue of Secs. 3714, 3718, 3718*a* and 6951, Rev. Stat.

Counsel for plaintiff in error contends that Sec. 6951, Rev. Stat., contravenes Secs. 1 and 2, Art. 1, of the bill of rights.

At common law cruelty to animals was not an indictable offense unless it partook of the nature of a trespass or a nuisance. Such cruelty has in many of the United States, been made a misdemeanor, subject to punishment by fine and imprisonment by statutory enactment.

These statutes, which are similar in their terms and of which Sec. 6951, Rev. Stat., is a fair example, are passed by the legislature in the exercise of the police power of the state.

Judge Cooley in his Constitutional Limitations, chapter 16, page 704, says:

" The police power of a state, in a comprehensive sense, embraces its whole system of internal regulation, by which the state seeks not only to preserve the public order and to prevent offenses against the state, but also to establish for the intercourse of citizens with citizens those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights and to insure to each the uninterrupted enjoyment of his own so far as is reasonably consistent with a like enjoyment of rights by others."

Blackstone defines the public police and economy as—

" The due regulation and domestic order of the kingdom, whereby the inhabitants of a state, like members of a well-governed family, are bound to conform their general behavior to the rules of propriety, good neighborhood, and good manners, and to be decent, industrious and inoffensive in their respective stations." 4 Bl. Com., 162.

Chief Justice Shaw said in Commonwealth v. Ager, 7 Cush.:

" The power we allude to is rather the police power; the power vested in the legislature by the constitution to make, ordain and establish all manner of wholesome and reasonable laws, statutes and ordinances, either with penalties or without, not repugnant to the constitution, as they shall judge to be for the good and welfare of the commonwealth, and of the subjects of the same. It is much easier to perceive and realize the existence and sources of this power than to mark its boundaries, or prescribe limits to its exercise."

The court said, in Commonwealth v. Turner, 14 N. E. Rep., 130, [145 Mass., 296, 300], in regard to a similar law :

" The statute does not define an offense against the rights of property in animals or against the rights of the animals that are in a sense protected by it. The offense is against the public morals, which the commission of cruel and barbarous acts tends to corrupt."

See also, Commonwealth v. Tilton, 8 Metc., 232 ; State v. Porter, [112 N. C., 887] 16 S. E , 915 ; Bishop on Statutory Crimes, Sec. 1103.

Section 6951, Rev. Stat., therefore, is not in conflict with Sec. 1, Art. 1, of the bill of rights as an unwarranted and unreasonable restriction of the use of one's own property and in being for the protection of animals, not human beings, and is in accord with Sec. 2, Art. 1, of said bill, in that it seeks to afford equal protection to all citizens from immoral conditions.

Counsel contend that Sec. 2, Art. 1, of the bill of rights, is violated in giving to the humane society the right to receive the fines imposed for offenses under this law.

If this objection is sound it can not be raised in this action.

If the definition of the misdemeanor and the imposition of a fine is a valid exercise of the police power, it does not lie in the mouth of a convicted defendant to question the application made by the state of the

money when the fine is paid. If this objection were sound, it could only be raised by a taxpayer in a proper suit for that purpose.

Counsel for plaintiff in error says the cruelty to animals law is in conflict with Sec. 19, Art. 1, of the bill of rights, and the fifth and fourteenth amendments to the constitution of the United States, in attempting to take the property of the accused the amount of the fine and transfer it to a private corporation without the consent of the accused.

These provisions of the state and federal constitutions refer to the right of eminent domain; and have nothing to do with the imposition of a fine by virtue of the police power.

Sections 6951, 3714, 3718 and 3718a, Rev. Stat., to the extent that they define an offense and affix a penalty, are laws of a general nature and of uniform operation throughout the state, and not in conflict with Sec. 26, Art. 2, of the constitution. There is nothing limiting their operation to Hamilton county or to the humane society.

There is nothing in the record of this case to show that this prosecution was not carried on in the name and by the authority of the state of Ohio in violation of Sec. 20, Art. 4, of the Constitution.

Counsel for plaintiff in error contends that these several statutory provisions are in conflict with Secs. 1, 2, 3, 4, 5 and 6, Art. 8, Secs. 1 and 2, Art. 10, Sec. 1, Art. 13, of the constitution of the state of Ohio.

Suffice it to say here that all these legislative acts are presumed to be constitutional, and this court having found that the plaintiff in error was duly and legally convicted of an offense under a constitutional provisions of the statutes in an action prosecuted in the name and under the authority of the state of Ohio, we are of opinion that the questions raised by the plaintiff in error as to the organization and powers of the humane society and the disposition of fines can not be raised in a criminal action of this nature, and are not pertinent to this inquiry, and hence express no opinion on these points.

Judgment affirmed.