890 P.2d 1137

In re the Matter of Robert W. KOCH, City Magistrate, Tempe, Maricopa County, State of Arizona, Respondent.

No. JC–94–0003.

Comm. on Judicial Conduct No. 94–CJC–033.

Supreme Court of Arizona, En Banc.

Feb. 28, 1995.

Rawlins Burrus Lewkowitz & Feinstein by Rodger A. Golston and Christopher T. Rapp, Mesa, for Robert W. Koch.

Roberts, Ellsworth & Rowley by Brian D. Strong, Mesa, Special Counsel for Com'n on Judicial Conduct.

## OPINION

MARTONE, Justice.

This is a judicial disciplinary proceeding in which a judge of the Tempe City Court asks us to modify the sanction recommended by the Commission on Judicial Conduct under Rule 11(a), Rules of Procedure for the Commission on Judicial Conduct.

## I. BACKGROUND

Judge Robert W. Koch was charged with four counts of judicial misconduct. Count I alleged that he committed civil assault and battery on Ray Brinkman, and that his habitual intemperance played a role in that attack. Count II alleged that he committed assault and battery on Wendy Doan, his ex-girlfriend, and that alcohol played a role in that attack. Count III alleged that he committed assault and battery on Gary Nielsen, and that alcohol played a role in that attack. Count IV alleged that he was arrested and charged with one count of soliciting prostitution, a crime of moral turpitude. After an evidentiary hearing, the Commission filed its findings of fact, conclusions of law, and recommendations (Findings). The relevant facts follow.

On June 8, 1991, Judge Koch was living with his girlfriend, Wendy Doan. That night, they "were involved in an incident of domestic violence amounting to mutual combat." Findings at 3. Doan testified that Judge Koch picked her up and threw her against a wall. Tr., July 13, 1994, at 76. She called the police. Judge Koch was put on administrative leave for a week while the incident was investigated. No charges were filed.

On February 19, 1994, Judge Koch and Doan were no longer living together. That night, Judge Koch entered Doan's apartment. Although she was not there, her friend, Ray Brinkman was. Judge Koch verbally abused Brinkman, pushed him, and threatened his life. That same night, Judge Koch found Doan outside of his own condominium. He pushed her with enough force to injure her. No charges were filed.

On April 1, 1994, at approximately 10:30 p.m., Judge Koch drove up to the corner of

25th Street and Van Buren in Phoenix. He approached a woman on the corner and motioned her to his truck by tilting his head from side to side. They exchanged greetings, and the woman asked Judge Koch what he was looking for. He replied "How about some head?" Petitioner's Ex. 1 to Commission Hearing. The woman asked how much he had to spend, and he replied that he had twenty dollars. The woman was an undercover Phoenix police officer participating in a "customer apprehension program." She recorded the conversation. Judge Koch was arrested and charged with solicitation of prostitution under Phoenix City Code § 23–52(a)(2), a class one misdemeanor. Judge Koch claimed that he stopped at the corner merely to test his brakes. He was convicted in the Phoenix Municipal Court the day after oral argument in this case.

On May 17, 1994, Judge Koch entered Doan's apartment again. Gary Nielsen, Doan's boyfriend, told him he was not welcome. Judge Koch stayed in the apartment, yelled obscenities, pushed Nielsen backward, and threatened his life. No charges were filed.

The Commission found that Judge Koch had problems with depression and a history of alcohol abuse. It considered aggravating and mitigating circumstances. It found that Judge Koch's failure to participate in an alcohol assistance program, until suggested by his lawyer after these disciplinary charges were filed, was aggravating. The Commission found that Judge Koch's treatment by a psychologist for depression was mitigating.

On Counts I, II, and III, the Commission concluded that Judge Koch's behavior violated Canons 2A and 4A of the Code of Judicial Conduct, Rule 81, Ariz.R.Sup.Ct., and constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute within the meaning of article 6.1, § 4 of the Arizona Constitution.

On Count IV, the Commission found that Judge Koch's solicitation of an act of prostitution violated Canons 1, 2A, 4A(1) and 4A(2) of the Code of Judicial Conduct, Rule 81, Ariz.R.Sup.Ct., was a crime of moral turpitude, and amounted to "wilful misconduct in office" and "conduct prejudicial to the administration of justice that brings the judicial office into disrepute" within the meaning of article 6.1, § 4 of the Arizona Constitution.

The Commission unanimously recommended that Judge Koch be removed from office and that he be assessed fees and costs. Article 6.1, § 2 of the Arizona Constitution provides that a judge is disqualified from acting as a judge, without loss of salary, while a recommendation for removal is pending before this court. We therefore suspended Judge Koch on August 16, 1994, subject to the court's final decision. Rule 11(d), Rules of Procedure for the Commission on Judicial Conduct ("interim suspension required by article 6.1, section 2"). Oral argument was held on October 19, 1994. The next day, Judge Koch was convicted of soliciting prostitution.[1] We then made an independent review of the record to decide what sanction to impose. On October 24, 1994, we entered an order removing Judge Koch from his position as a judge, with an opinion to follow.

## II. RESOLUTION

Judge Koch argues that he should be suspended with pay until he overcomes his temporary disability.[2] We reject each of his arguments and his proposed sanction.

Judge Koch's first argument is that the Commission ignored his exemplary record on the bench. The Commission did consider Judge Koch's record. It found that the judge was "a capable and hardworking judge who is knowledgeable in the law and available to perform his duties seven days a week." Findings at 2. Yet the Commission did not find this to be a mitigating circum-

---

1. Shortly after oral argument, counsel for the Commission notified us that Judge Koch had been convicted. Judge Koch's counsel has not informed us otherwise, and has not notified us of any appeal. The time for appeal has expired. Rule 4(a), Super.Ct.R.Crim.App.P. We therefore assume that the conviction has become final.

2. Judge Koch also purported to incorporate by reference his objections made to the Commission about its Findings. We do not address these arguments, as they went to the issue of whether a new hearing was appropriate. Judge Koch does not ask us for a new hearing, and his previous arguments have no relevance to his request that we modify the Commission's recommended sanction.

stance. We agree with Judge Koch that it should have been given some mitigating weight. Nevertheless, its mitigating weight, when weighed against the gravity of his misconduct, does not warrant a lesser sanction.

Judge Koch's second argument is that the Commission ignored the temporary nature of his disability. He suggests that he will overcome it and be able to continue serving as a judge. The Commission did find Judge Koch's psychological treatment and depression to be mitigating. It is commendable that Judge Koch has sought treatment for his problems. Nevertheless, although his problems may be temporary, the harm to the public's faith in legal institutions is not.

Judge Koch's final argument is that the Commission did not consider his plea of not guilty to the solicitation charge. We give his plea no consideration in light of his intervening conviction. Moreover, the Commission's findings were based on the evidence presented at the hearing. It was entitled to make these findings no matter what the outcome in the criminal proceeding.

■ We are authorized by the Arizona Constitution to discipline a judge for "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." Ariz. Const. art. 6.1, § 4. We impose sanctions to protect the public, not to punish. *In re Peck,* 177 Ariz. 283, 287, 867 P.2d 853, 857 (1994). Judge Koch solicited prostitution under § 23–52(a)(2) of the Phoenix City Code. This offense appears under Article IV of that code, entitled "Offenses Involving Morals," and is a crime involving moral turpitude. It also falls within article 6.1, § 4 of the Arizona Constitution as "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." *See In re Marquardt,* 161 Ariz. 206, 213, 778 P.2d 241, 248 (1989).[3] Judge Koch's explanation of the incident is not credible. He claimed to be out testing his brakes at 10:30 p.m. at 25th Street and Van Buren in Phoenix. But he lives in Tempe. He admitted that the

drive from his house to east Phoenix was ten to fifteen minutes. We do not believe he was there to test brakes.

■ It is true that Judge Koch's conduct was not directly related to his duties as a judge. He was a hard worker in a municipal court that had its share of problems. But discipline is not reserved for judges who engage in improper behavior while on the bench. In *Marquardt,* we suggested that removal is appropriate for judges who commit a serious offense, such as one involving moral turpitude. *Id.* at 216, 778 P.2d at 251.

Judge Koch committed a crime of moral turpitude. While removal does not necessarily follow from such a conviction, it is the appropriate sanction here. Judge Koch had a series of personal problems, beginning with a DUI conviction in 1984. His alcohol problem continued. He assaulted at least three people. While this conduct may be attributed to his unfortunate personal life, the solicitation conviction is a quantum leap forward in moral culpability. "Judges cannot uphold and support the laws while committing the very crimes for which they sentence others." *Id.* at 213, 778 P.2d at 248.

Faith in public officials is difficult to restore. While there are factors supporting a lesser sanction, such as Judge Koch's excellent record on the bench, we cannot overlook the gravity of his misconduct. We agree with the Commission that removal, not suspension, is appropriate.

Accordingly, under the authority of article 6.1, § 4 of the Arizona Constitution, we removed Judge Koch from office. He also is assessed costs and fees as may be taxed and allowed.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

---

**3.** After oral argument, our independent review of the record showed that Judge Koch's conduct warranted removal. Article 6.1, § 3 of the Arizona Constitution requires that a judge be removed in some circumstances after conviction of a crime of moral turpitude becomes final. We removed Judge Koch four days after he was convicted. He still had time to appeal; his conviction had not become final. Thus, on August 24, 1994, we could not have removed Judge Koch under article 6.1, § 3. On that date, we could only have removed him under article 6.1, § 4 of the Arizona Constitution.