924 P.2d 1045

Donald **CAMPBELL**, Petitioner,

v.

**SUPERIOR COURT** of the State of Arizona, In and For the **COUNTY OF MARICOPA**, The Honorable Christopher Skelly, a judge thereof, Respondent Judge,

The **PHOENIX CITY PROSECUTOR'S OFFICE**, Real Party in Interest.

No. 1 CA–SA 95–0333.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 10, 1996.

## I. BACKGROUND

Donald Campbell ("Petitioner") put hot dogs containing rat poison on his front lawn. A neighbor's cat was subsequently poisoned after eating one. Petitioner later acknowledged that he set out the hot dogs because neighbors were allowing their dogs to defecate on his property, which was killing his grass. Petitioner was charged with cruelty to animals, a class 2 misdemeanor[1]. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–2910(A)(1).

On May 10, 1995, Petitioner filed a motion for a jury trial, which the city magistrate denied after oral argument. Petitioner was later found guilty and placed on probation for one year. Petitioner appealed to Maricopa County Superior Court. The Respondent Judge affirmed the magistrate's determination that cruelty to animals is not a jury-eligible offense. This special action followed.

## II. DISCUSSION

■ Special action review is an appropriate means to determine whether there is a right to a jury trial. *Mungarro v. Riley,* 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App. 1991). We therefore accept jurisdiction.

■ Under the Sixth Amendment, "there is a category of petty crimes or offenses which is not subject to the ... jury trial provision...." *Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968). In determining whether one is nevertheless entitled to trial by jury for a particular petty offense, the United States Supreme Court has traditionally focused on "the nature of the offense and on whether it was triable by a jury at common law." *Blanton v. City of North Las Vegas, Nev.,*[2] 489 U.S. 538, 541, 109 S.Ct. 1289, 1292, 103 L.Ed.2d 550 (1989) (citing *District of Columbia v. Colts,* 282 U.S. 63, 73, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930)); *see also Schick v.*

Neal W. Bassett, Phoenix, for Petitioner.

Roderick G. McDougall, Phoenix City Attorney by Gregory L. Hanchett, Asst. City Prosecutor, Phoenix, for Real Party in Interest.

## OPINION

PATTERSON, Judge.

This special action presents the question of whether the misdemeanor offense of cruelty to animals is a crime of moral turpitude which entitles Petitioner to a jury trial. We hold that it does not.

1. Petitioner filed a supplemental brief indicating that this offense was raised from a class two to a class one misdemeanor. Because the amendment occurred after these charges were brought against Petitioner, we do not consider it in this appeal.

2. In *Blanton,* the United States Supreme Court completely abandoned this "traditional" test and looked solely to the statutory penalties and other statutory consequences of the offense at issue. 489 U.S. at 541–42, 109 S.Ct. at 1292–93; *see generally* Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 21.1(b), at 233–34 (Supp. 1991).

*United States,* 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904).

The Arizona Supreme Court, however, has set forth three factors to determine whether an offense is non-petty under the Arizona Constitution, article 2, section 23: 1) whether the defendant is exposed to a severe penalty; 2) whether the act involves moral turpitude; and 3) whether the crime has traditionally merited a jury trial under common law. *Rothweiler v. Superior Court of Pima County,* 100 Ariz. 37, 42, 410 P.2d 479, 483 (1966). Any one of these factors has been held to warrant a jury trial. *State v. Harrison,* 164 Ariz. 316, 317, 792 P.2d 779, 780 (App.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991).

Petitioner does not argue that the charged offense resulted in severe penalties, or that it is an offense which has traditionally merited a jury trial. We therefore limit our analysis to the moral turpitude factor.

■ Arizona case law recognizes that "moral turpitude" includes the conduct of a "depraved and inherently base person," *O'Neill v. Mangum,* 103 Ariz. 484, 485, 445 P.2d 843, 844 (1968), actions which adversely reflect on the "honesty, integrity or personal values" of the actor, *State ex rel. Dean v. Dolny,* 161 Ariz. 297, 300 n. 3, 778 P.2d 1193, 1196 n. 3 (1989) (citing Ariz.R.S.Ct. 42, Rules of Professional Conduct, E.R. 8.4 (comment)), *cert. denied,* 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990), and conduct indicating a "readiness to do evil, that is, ... conduct which would support an inference of a witness's readiness to lie." *Mungarro,* 170 Ariz. at 590, 826 P.2d at 1216 (citing *People v. Garrett,* 195 Cal.App.3d 795, 241 Cal.Rptr. 10 (1987)).

■ Here, the charged offense does not reflect adversely upon the "honesty, integrity or personal values" of Petitioner. While we do not condone cruelty to animals, some acts that qualify as such are simply thoughtless expediency. Neither is it conduct which indicates a "readiness to do evil," as it does not

"support an inference of a witness's readiness to lie."

We also do not find that Petitioner's conduct in this case was "inherently depraved and base." Our supreme court has held that at least one serious offense was not a crime of moral turpitude: a defendant charged with simple battery, an assault on a human being, has no right to a jury trial in this state.[3] *See Goldman v. Kautz,* 111 Ariz. 431, 531 P.2d 1138 (1975).

Petitioner argues that an assault against a person is distinguishable from cruelty to animals. He asserts that the abuse of an animal indicates a depravity in its perpetrator because animals, unlike human beings, are completely helpless and unable to communicate, either to call for help or to report the crime. Although we empathize with this view, we do not believe that such a rationale provides an accurate reflection of the seriousness of an offense.

■ In determining the type of evidence which might indicate that a crime is one of moral turpitude, "[l]egislative enactments create a clear measure of the moral seriousness of a crime and the way in which society views it." *Harrison,* 164 Ariz. at 319, 792 P.2d at 782. The court, in *Harrison,* reasoned that "[g]auging the seriousness of a crime based upon how the judiciary perceives that society might perceive a crime leads to confusion and imprecision." *Id.*[4] "The better rule is to gauge the moral impact and the seriousness of the crime based upon legislative response to it." *Id.*

In *Harrison,* the right to jury trial did not attach to minor traffic violations, in significant part, because the "other consequences" flowing from the conviction were not sufficiently "grave." *Id.* The court contrasted the minor consequences arising from such crimes to those involved in *Dolny,* where our supreme court emphasized that a conviction for possession of marijuana would decrease an offender's job employment opportunities

---

3. It was on this basis that Respondent Judge affirmed the magistrate's denial of a jury trial.

4. We nevertheless continue to adhere to the philosophy, however, "[t]he right to jury trial should

be jealously guarded and preserved by the courts, whether granted by constitution or statutes." *Rothweiler,* 100 Ariz. at 47, 410 P.2d at 486.

and "would bar defendants by statute from professions [such] as pharmacists and attorneys." *Harrison,* 164 Ariz. at 319, 792 P.2d at 782 (citing *Dolny,* 161 Ariz. at 300, 778 P.2d at 1196). *Dolny* appeared to find such evidence of "other consequences" quite persuasive in determining whether a crime carries the level of stigma necessary to raise it to one of moral turpitude. 161 Ariz. at 300, 778 P.2d at 1196.

Petitioner cites no examples of "other consequences" which flow from legislative enactments for a conviction for cruelty to animals, and we know of none. We cannot conclude that the nature of the consequences for the charged offense are sufficiently grave to warrant a jury trial.

The dissent urges us to grant Petitioner a jury trial because the moral quality of his conduct is depraved and inherently base or reflects adversely upon his honesty, integrity or personal values. This we cannot do. Petitioner has not adequately demonstrated that the conduct at issue warrants a finding that it fits in any of the subcategories defining moral turpitude. We therefore conclude that Petitioner is not entitled to a jury trial.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

GARBARINO, J., concurs.

KLEINSCHMIDT, Judge, dissenting.

I respectfully dissent. Under A.R.S. § 13–2910, a person who recklessly subjects an animal to cruel mistreatment, to cruel neglect or abandonment, or who kills another person's animal without legal privilege or consent, is guilty of cruelty to animals. In my opinion, this crime is one of moral turpitude. The term "moral turpitude" describes conduct which is "depraved and inherently base" or refers to acts which "adversely reflect on honesty, integrity, or personal values." *Mungarro v. Riley,* 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App.1991). The proscription against cruelty to animals is based on the need to uphold the moral values of society. *See Waters v. People,* 23 Colo. 33, 46 P. 112, 113 (1896); *Commonwealth v.*

*Higgins,* 277 Mass. 191, 178 N.E. 536, 537–38 (1931); *Stephens v. State,* 65 Miss. 329, 331–32, 3 So. 458 (1887); *State v. Porter,* 112 N.C. 887, 16 S.E. 915, 916 (1893). *See also* 4 AM.JUR.2D *Animals* § 28 at 369 (1995); 3A C.J.S. *Animals* § 99 (1973); DANIEL S. MORETTI, ANIMAL RIGHTS AND THE LAW 1 (1984). More to the point, since animals are virtually helpless against humans, the more serious forms of cruelty to animals are depraved or inherently base. Less shocking forms of conduct which constitute such cruelty certainly reflect on a person's personal values. *See Stephens,* 65 Miss. at 331–332, 3 So. 458.

I would grant the relief requested.