76 P.3d 863

Leander D. RAYE, Petitioner,

v.

The Honorable Michael JONES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

The Phoenix City Prosecutor's Office, Real Party in Interest.

No. 1 CA–SA 03–0001.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 23, 2003.

Laurie A. Herman, Scottsdale, and Neal W. Bassett, Phoenix, Attorneys for Petitioner.

Gary L. Shupe, Phoenix, Assistant City Prosecutor, Attorney for Real Party in Interest.

## OPINION

GEMMILL, Judge.

¶ 1 The question presented is whether a person charged with violating Arizona Revised Statutes ("A.R.S.") section 4–244(33) (2002) is entitled to a trial by jury. We hold that this offense, often called "underage

drinking and driving," is not a jury-eligible offense.

¶ 2 Leander D. Raye was twenty years old when cited for violating A.R.S § 4–244(33), which makes it unlawful for "a person under the age of twenty-one years to drive or be in physical control of a motor vehicle while there is any spirituous liquor in the person's body."[1] The municipal court denied Raye's motion for a jury trial and found him guilty. Raye appealed to the superior court, which affirmed the judgment of the municipal court. Raye seeks special action relief and argues that he should be entitled to a jury trial on the offense of underage drinking and driving. We accept jurisdiction but deny relief.

### JURISDICTION

¶ 3 We accept jurisdiction because Raye presents a pure legal question of first impression and has no further remedy by appeal. *See Guthrie v. Jones*, 202 Ariz. 273, 274, ¶ 4, 43 P.3d 601, 602 (App.2002); A.R.S. § 22–375 (2002) (No appeal may be taken from the judgment of the superior court acting as an appellate court unless the action involves the "validity of a tax, impost, assessment, toll, municipal fine or statute."). Also, we have previously held that "[s]pecial action review is an appropriate means to determine whether there is a right to a jury trial." *Campbell v. Superior Court*, 186 Ariz. 526, 527, 924 P.2d 1045, 1046 (App.1996).

### ANALYSIS

■ ¶ 4 Raye contends that underage drinking and driving is a jury eligible offense because it is a "no tolerance DUI statute" for persons under the age of twenty-one and as such carries the same moral quality as driving under the influence of intoxicating liquor ("DUI"), an offense that is jury eligible under *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966). The State argues in response that under *Rothweiler, State ex rel. Dean v. Dolny*, 161 Ariz. 297, 778 P.2d 1193 (1989), and *Benitez v. Dunevant*, 198 Ariz. 90, 7 P.3d 99 (2000), the offense of underage

drinking and driving does not meet the test for jury eligibility.

■ ¶ 5 The right to a jury trial for "serious" offenses has been preserved for criminal defendants by both our federal and state constitutions. *See Duncan v. Louisiana*, 391 U.S. 145, 155–58, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (holding that the Sixth Amendment, as applied to the states through the Fourteenth Amendment, requires that defendants accused of serious crimes be afforded the right to a jury); *Benitez*, 198 Ariz. at 93–94, ¶ 4, 7 P.3d at 101–02 (stating that the right to a jury trial enumerated in Article 2, Sections 23 and 24 of the Arizona Constitution, preserves the right to a jury trial in non-petty offenses). Thus, "serious" offenses are jury eligible while "petty" offenses are not. *Id.*

¶ 6 In distinguishing between "serious" and "petty" offenses, our supreme court in *Benitez* discussed and applied the test for determining whether an offense was jury eligible under *Rothweiler*. The three factors to be considered in deciding jury eligibility are:

(1) the relationship of the offense to common law crimes;

(2) the severity of the potential penalties made available by statute; and

(3) the moral quality of the offense.

*Benitez*, 198 Ariz. at 93, ¶ 7, 7 P.3d at 102 (citing *Rothweiler*, 100 Ariz. at 47, 410 P.2d at 486). The court stated that the most significant factor among the three is the maximum potential penalty authorized by the statute, and that the "moral quality" factor is more flexible, requiring careful analysis in its application. *Id.* at 93, ¶ 9, 7 P.3d at 102.

### Relationship To Common Law Offenses

¶ 7 Because the constitutional right of trial by jury in our state is a reservation rather than a grant of a right, "those offenses linked to jury trial at common law at the time the constitution was adopted are protected by the constitutional guarantee." *Benitez*, 198

---

1. A person under age eighteen who is charged with committing this offense will ordinarily be subject to juvenile court rules and procedures. *See* Ariz.Rev.Stat. ("A.R.S.") §§ 8–201, –202 (Supp.2002). Under current law, there is no

right to trial by jury in juvenile delinquency proceedings. *McKeiver v. Pennsylvania*, 403 U.S. 528, 543, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *Maricopa County Juv. Action No. JT9065297*, 181 Ariz. 69, 75, 887 P.2d 599, 605 (App.1994).

Ariz. at 93, ¶ 4, 7 P.3d at 102. Raye does not argue, however, that driving with liquor in the body is comparable to any common law offense that was traditionally triable to a jury. Therefore this part of the test does not trigger jury eligibility. *See Rothweiler*, 100 Ariz. at 42, 410 P.2d at 483 ("It is conceded that the offense of driving while under the influence of intoxicating liquor was not a common law offense.").

## Severity Of Penalty

■ ¶ 8 A violation of A.R.S. § 4–244(33) is a class one misdemeanor, A.R.S. § 4–246(B) (2002), for which the maximum punishment is a $2500 fine, A.R.S. § 13–802(A) (2001), and six months in jail. A.R.S. § 13–707(A)(1) (2001). Generally, the penalties for misdemeanors are not sufficiently severe to trigger jury eligibility. *Benitez*, 198 Ariz. at 94, ¶ 13, 7 P.3d at 103. For example, misdemeanors such as driving on a suspended license, disorderly conduct, and selling liquor to a minor are not jury-eligible offenses. *Id.* (listing supreme court cases holding these offenses not jury eligible). *See also Mungarro v. Riley*, 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App.1991) (holding that penalty of six months in jail and $2500 fine for false reporting to a law officer did not trigger jury eligibility, but the moral turpitude of the offense did).

¶ 9 In *Benitez*, our supreme court decided that the maximum penalties of six months incarceration and a $2500 fine were not severe enough to justify a right to a jury trial for the offense of driving a motor vehicle on a license suspended for an earlier DUI violation. 198 Ariz. at 94, ¶ 13, 7 P.3d at 103. Based on the analysis and guidance of our supreme court in *Benitez*, we conclude that the identical criminal penalties for the offense of underage drinking and driving are insufficient to trigger a right to trial by jury.

¶ 10 Raye urges us to consider that under A.R.S. § 28–3322 (Supp.2002), a two year license suspension also results from a

violation of § 4–244(33), in addition to the criminal penalties.[2] He argues that the combination of the criminal and administrative penalties for underage drinking and driving are sufficiently severe to require a right to a jury trial. Our supreme court was presented with an analogous argument in *Benitez*, but the court did not consider the significance of suspension of a person's license to drive in the "severity of the penalty" portion of its analysis. 198 Ariz. at 96–97, ¶¶ 25–26, 7 P.3d at 105–06. The court limited the "severity of the penalty" analysis to the potential criminal penalties, and addressed suspension of a person's license to drive under the "grave consequences" portion of its analysis. *See id.* "Grave consequences" is one of the inquiries relevant to whether the moral quality of the offense merits a right to trial by jury. Following the supreme court's analytical framework, we similarly decline to consider the license suspension in this part of our analysis but instead address this administrative penalty under the "grave consequences" portion of our analysis.

## Moral Quality

■ ¶ 11 "Moral quality as an element of the test is satisfied where the offense either involves moral turpitude or causes such an impact on the defendant's life or liberty as to constitute sufficiently grave consequences as a matter of law." *Benitez*, 198 Ariz. at 95, ¶ 14, 7 P.3d at 104.

### *Moral Turpitude*

■ ¶ 12 A crime of moral turpitude is one that involves behavior that is "depraved and inherently base," *O'Neill v. Mangum*, 103 Ariz. 484, 485, 445 P.2d 843, 844 (1968), or that involves actions that "adversely reflect on one's honesty, integrity, or personal values." *Dolny*, 161 Ariz. at 300 n. 3, 778 P.2d at 1196 n. 3. Moral turpitude is more than poor judgment, lack of self-control, or

---

2. Section 28–3322(A) provides:
 [T]he department shall immediately suspend the driver license or privilege to drive or refuse to issue a driver license or privilege to drive of a person who commits a violation of § 4–244, paragraph 33 while the person is eighteen, nineteen or twenty years of age on receipt of

the record of the person's conviction for a violation of § 4–244, paragraph 33 for a period of two years.
 *See also* A.R.S. § 28–3320 (Supp.2002) (suspension of license for persons under eighteen years of age).

disrespect for the law involving less serious crimes. *Benitez,* 198 Ariz. at 95, ¶ 19, 7 P.3d at 104.

¶ 13 Examples of crimes that have been found to involve moral turpitude include indecent exposure, *see City Court of Tucson v. Lee,* 16 Ariz.App. 449, 494 P.2d 54 (1972), solicitation of prostitution, *see In re Koch,* 181 Ariz. 352, 890 P.2d 1137 (1995), perjury, *see Harris v. State,* 41 Ariz. 311, 17 P.2d 1098 (1933), forgery, *see id.,* fraud, *see In re Wines,* 135 Ariz. 203, 660 P.2d 454 (1983), false reporting, *see Mungarro v. Riley,* 170 Ariz. 589, 826 P.2d 1215,(App.1991), and misappropriation of funds. *See In re Couser,* 122 Ariz. 500, 596 P.2d 26 (1979).

¶ 14 In *Rothweiler,* the court determined that driving an automobile while under the influence of intoxicating liquor represented a "moral quality" that had "become offensive to the public as demonstrated by the severity of the punishment." 100 Ariz. at 44, 410 P.2d at 485. Raye argues that underage drinking and driving is an offense that carries with it the same moral quality and societal disapproval as DUI and that this similarity justifies jury eligibility.

¶ 15 In support of his position, Raye cites several cases from other jurisdictions that refer to statutes similar to § 4–244(33) as "zero tolerance" or "juvenile DUI" laws. *See Collins v. State,* 991 P.2d 557, 560 (Okla.Ct. App.1999); *Commonwealth v. Howard,* 969 S.W.2d 700, 702 (Ky.1998); *Barnett v. State,* 270 Ga. 472, 510 S.E.2d 527, 528 (1999). These cases, however, do not address whether the "zero tolerance" or "juvenile DUI" offenses are jury eligible or involve moral turpitude. Instead, these cases involve equal protection challenges and whether a rational basis exists for the classifications created by the challenged statutes. Raye has not cited, nor have we found, any case addressing the jury eligibility or moral depravity of an offense similar to underage drinking and driving.

¶ 16 Simply because an offense may be somewhat similar to DUI does not mean that the offense is automatically jury eligible. *See Benitez,* 198 Ariz. at 95–96, ¶ 20, 7 P.3d at 104–05 ("An offense meets or fails the requirements of jury eligibility on its own, not because of its association with another

offense."). The question is whether the moral turpitude inherent in DUI is present in the offense before us. *See id.* at 95, ¶ 20, 7 P.3d at 104.

¶ 17 Driving with a blood alcohol content ("BAC") of .01 or greater is not necessarily the same as impaired driving or driving with a BAC of .08 or higher. The offense of underage drinking and driving may be committed without any evidence or presumption of impaired driving. In contrast, the offense of DUI is based on the danger created by impaired drivers and requires evidence of impairment or evidence supporting a presumption of impairment. *See* A.R.S. § 28–1381(A)(1) (Supp.2002) ("impaired to the slightest degree"); A.R.S. § 28–1381(A)(2), (G)(3) (presumption of impairment at .08 BAC or greater).

¶ 18 Because a person may commit the offense of underage drinking and driving without being impaired, the degree of moral turpitude associated with DUI is not present. And if an eighteen, nineteen, or twenty year-old driver is actually impaired or has a BAC sufficient to support the presumption of impairment, that driver may be charged with DUI as well as underage drinking and driving and would be entitled to a jury trial on the DUI charge. *See Rothweiler,* 100 Ariz. at 47, 410 P.2d at 486; *see also* A.R.S. § 28–1381(A), (F).

¶ 19 We conclude, therefore, that the offense of underage drinking and driving does not involve sufficient moral turpitude to require jury eligibility.

### Grave Consequences

■ ¶ 20 "An offense not of moral turpitude may nevertheless be jury eligible ... depending on the severity of the consequences to the defendant's life." *Benitez,* 198 Ariz. at 96, ¶ 21, 7 P.3d at 105. Under *Benitez,* the loss of the privilege of driving is not viewed as a grave or serious consequence and is not supportive of a right to a trial by jury. In commenting on the impact of a license suspension on the defendant's employment, the supreme court in *Benitez* said:

This court does not recognize driving as a right. Instead we view it as a privilege. *See State v. Harrison,* 164 Ariz. 316, 318,

792 P.2d 779, 781 (App.1990) ("The loss of a privilege is not nearly so serious or burdensome as the loss of a recognized right"). We recognize that license suspension limits the job functions of those who must drive for a living, but we cannot base our analysis of jury eligibility on the effects of a conviction upon a particular occupation or field. Jury eligibility is determinable on the basis of the offense, not the defendant. When faced with consequences to the employment function, the courts must decide whether the effects are sufficiently widespread to create a grave offense with a jury right. *Because we do not view the potential loss of the driving privilege as a grave or serious consequence, we hold today that the inability to get to and from work created by the suspension of one's license does not support a right to trial by jury.*

*Id.* at 96–97, ¶ 26, 7 P.3d at 105–106 (emphasis added). Following this guidance from our supreme court, we conclude that the license suspension that accompanies a conviction for underage drinking and driving does not constitute a grave consequence sufficient to support jury eligibility.[3]

## CONCLUSION

¶ 21 For these reasons, we hold that underage drinking and driving, made unlawful by A.R.S. § 4–244(33), is not a jury-eligible offense. We accept jurisdiction but deny relief. The judgment of the superior court is affirmed.

CONCURRING: G. MURRAY SNOW, Presiding Judge and JON W. THOMPSON, Judge.

---

**3.** In urging a different conclusion at the trial court, Raye cited the following language from *Rothweiler:*

> In addition to the penal provisions the sanction relating to revocation of an individual's driver's license may have grave consequences.... Thus the power to suspend the right to use the public highways should be protected by the fundamental individual right of a trial by jury where timely demanded.

100 Ariz. at 44, 410 P.2d at 484. We recognize that a disparity appears between *Rothweiler* and *Benitez* regarding the significance of suspension of a person's license to drive. Because *Benitez* is the more recent supreme court decision and because *Benitez* demonstrates the proper application of the principles of *Rothweiler,* we follow *Benitez.*