70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark SIROTA, Plaintiff-Appellant,
v.
CITY OF MESA; C.K. Luster, City Manager, City of Mesa;
Chief Guy Meeks, Police Chief, City of Mesa; John
and Jane Does I-X, Defendants-Appellees.
 No. 94-15844.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Dec. 1, 1995.
 
 1
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Mark Sirota appeals the district court's dismissal of his contract claim and entry of summary judgment on his Fair Labor Standards Act (FLSA) claim. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm summary judgment on the FLSA claim, but reverse the court's order dismissing Sirota's claim against the City for breach of contract.[1]
 
 
 4
 * Sirota contends that the district court erred in granting summary judgment in the City's favor on his FLSA claim. Whether an employee is entitled to receive pay for time on-call depends primarily on "(1) the degree to which the employee is free to engage in personal activities; and (2) the agreement between the parties." Owens v. Local No. 169, 971 F.2d 347, 350 (9th Cir.1992).
 
 
 5
 * Courts have considered several factors in determining whether an employee was able to use his on-call time for his own purposes: (1) existence of on-premises living requirements, (2) excessive geographic restrictions, (3) frequency of calls, (4) unduly short response time requirements, (5) ease of trading on-call responsibilities, (6) use of pager, and (7) whether the employee had actually engaged in personal activities. Owens, 971 F.2d at 351.
 
 
 6
 The undisputed facts show that Sirota was able to engage in normal personal activities while on-call even though he was occasionally called back to work: Sirota was not required to live on-premises; he was able to travel out of town; he only had to respond to two to three calls a month on average, and roughly two calls a week during his most busy assignment; he could determine when he would not be available; he was provided with a pager so that he was not tied to a telephone; and he engaged in many personal activities including taking out-of-town trips and attending classes, movies, and sporting events while "on-call."
 
 
 7
 In contrast, employees whose on-call time has been held compensable either were required to remain at work, Armour & Co. v. Wantock, 323 U.S. 126 (1944), or were called back so frequently that they could not make use of their on-call time, Renfro v. City of Emporia, 948 F.2d 1529 (10th Cir.1991) (firefighters called back on average three to five times a day ), cert. dismissed, 503 U.S. 915 (1992). Summary judgment against employees who were subject to more severe restrictions than those imposed on Sirota has been upheld. Bright v. Houston Northwest Medical Center Survivor, Inc., 934 F.2d 671 (5th Cir.1991) (en banc) (technician given twenty minutes to return to hospital when paged, which occurred approximately four to five times a week, and not permitted to be alcohol-impaired), cert. denied, 502 U.S. 1036 (1992).
 
 
 8
 We agree with the district court that Sirota's FLSA claim falls on the uncovered side of the line.
 
 B
 
 9
 Sirota argues that we should conclude otherwise in light of Sec. 330(B)(1) of the Mesa Personnel Rules, which states that "stand-by pay is payment received by an employee to compensate for being required to be available to provide emergency services during a specified period." In his view, Sec. 330(B)(1) demonstrates that the parties agreed to compensate officers for being available by pager. However, in view of the fact that Sirota volunteered for SWAT duty knowing that the City did not pay for stand-by time, we are not persuaded that the Owens factors tip in Sirota's favor. There is no evidence that Sirota wasn't free to conduct a normal personal life while on beeper during his off-hours or that he was otherwise required to be constrained for any "specified period." For these reasons, and because it lacks foundation, Sirota's "understanding" that pilots who were subject to being called in were paid pursuant Sec. 330(B)(1) fails to raise a genuine issue of material fact. Owens, 971 F.2d at 354, 355.
 
 
 10
 We conclude that the district court did not err in granting summary judgment in favor of the City of Mesa on Sirota's FLSA claim.
 
 II
 
 11
 Sirota argues that the district court erred in dismissing his contract claim against the City for failure to comply with Arizona's notice of claim statute, A.R.S. Sec. 12-821, because that statute was repealed before his claim was dismissed.[2] The City contends that the repeal of Sec. 12-821 is irrelevant to this action because the repeal was not retroactive. We review questions of law de novo. We must determine how Arizona's highest court would decide the question.
 
 
 12
 In Arizona, procedural changes are retroactive unless the legislature expresses a contrary intent. Wilco Aviation v. Garfield, 599 P.2d 813, 815 (Ariz.App.1979). The City argues that we may infer an intent for prospective only application of this procedural change from the legislature's failure to list the repealing statute in Section 28 of Senate Bill 1055, which states:
 
 
 13
 The legislature intends that sections 4, 5, 9 ... of this act to be procedural and these sections shall apply retroactively to all actions pending on the effective date of this act.
 
 
 14
 The repealing statute, Section 7 of this act, comes in between the listed retroactive sections. Consequently, the City argues, Section 7 would have been included in the list of retroactive statutes had the legislature intended it to be retroactive. The inference the City asks us to draw, however, is weakened as Section 7--unlike those sections listed as retroactive--is not a statute in the traditional sense, but merely repeals one. The City's position is further undercut by the fact that the legislature did not include Section 7 in a list of sections intended to apply prospectively, either. See S.B. 1055 Section 28(A). Since the legislature did not express an intent one way or the other, the general rule that procedural statutes are retroactive applies.
 
 
 15
 We are also mindful that the rule in Arizona, as elsewhere, is that the repeal of even substantive statutes operates retroactively: "There is a general rule of law that an action wholly dependent on the existence of a statute abates if the statute is repealed without a savings clause before judgment is final." Brown Wholesale Elec. Co. v. H.S. Lastar Co., 730 P.2d 267, 272 (Ariz.App.1986). " 'And it has been quite as generally decided that the repeal of such laws, without a saving clause, operated retrospectively, so as to cut off the defence for the future, even in actions upon contracts previously made.' " American Sav. Life Ins. Co. v. Financial Aff. Man. Co., 513 P.2d 1362, 1365 (Ariz.App.1973) (quoting Ewell v. Daggs, 108 U.S. 143, 150 (1883)).
 
 
 16
 Because procedural statutes are retroactive unless declared otherwise, and repeals of even substantive statutes are similarly retroactive, we conclude that the legislature's repeal here of a procedural statute is retroactive. That the legislature did not expressly declare the repeal to be retroactive is of no moment. The district court therefore erred in dismissing Sirota's contract claim for failure to allege compliance with the repealed Sec. 12-821.
 
 III
 
 17
 Sirota argues, and Mesa does not disagree, that the district court erred in its alternative holding that Sirota's action was barred by the amended Sec. 12-821, which imposed a one year statute of limitations on personal injury claims against the government. Because Sirota's claim is not for personal injury, but for breach of contract, Sec. 12-821 as it existed when Sirota's claim was dismissed is inapplicable.[3]
 
 
 18
 Each party shall bear its own costs.
 
 
 19
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court ruled first on the City's motion to dismiss for failure to comply with Arizona's notice of claim statute, A.R.S. Sec. 12-821, instead of the viability of Sirota's FLSA claim, it never considered whether it should exercise its discretion to hear, or to dismiss, the state law claim within its supplemental jurisdiction
 
 
 [2]
 Subsequent to the filing of this appeal, the legislature enacted a new statute, Sec. 12-821.01, that is substantially similar to the repealed Sec. 12-821. Its application to this case is not before us
 
 
 [3]
 The legislature amended Sec. 12-821 subsequent to the filing of this appeal so that it applies to all actions against the government, not just to personal injury actions. The effect of this amendment on this action is not before us