599 P.2d 813

**WILCO AVIATION, an Arizona Corporation, Plaintiff-Appellee,**

v.

**Ernest F. GARFIELD, Bud Tims and Jim Weeks, as members of and constituting the Arizona Corporation Commission, and Barry Aarons, Director of the Incorporating Division of the Arizona Corporation Commission, Defendants-Appellants.**

**FARM–AERO SERVICES, INC., an Arizona Corporation, Plaintiff-Appellee,**

v.

**Ernest F. GARFIELD, Bud Tims and Jim Weeks, as members of and constituting the Arizona Corporation Commission, and Barry Aarons, Director of the Incorporating Division of the Arizona Corporation Commission, Defendants-Appellants.**

**No. 1 CA–CIV 4543.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 14, 1979.

Robert K. Corbin, Arizona Atty. Gen. by Michael J. Ruffatto, Asst. Atty. Gen., Phoenix, for defendants-appellants.

Lewis & Roca by Paul G. Ulrich and Charles G. Case, II, Phoenix, for plaintiffs-appellees.

## OPINION

DONOFRIO, Judge.

The questions raised in this appeal concern the applicability of that portion of the general corporation law dealing with reinstatement of revoked corporate charters to corporations whose charters were revoked prior to July 1, 1976.

Both of the appellees herein are Arizona corporations whose corporate charters were revoked on December 16, 1975, for failure to pay the annual fees and failure to file annual reports. At the time of the revocation, the effective statute dealing with reinstatement was A.R.S. § 10–213:

> "Within six months from the date of the order revoking the certificate of incorporation and license to do business, the corporation may apply for reinstatement, and if it files the report and pays the fee and the costs incurred by the commission, the commission shall enter an order reinstating the corporation and vacating its order of revocation and annulment. The commission may also after six months, for good cause shown and upon like terms, vacate its order for revocation."

Effective July 1, 1976, the Arizona Legislature enacted the new Arizona Corporation Code, Chapter 69, Section 2, Laws, 1975 and, at the same time, repealed A.R.S. § 10–213. A.R.S. § 10–095 of the new Corporation Code set forth the requirements for reinstatement where the articles of incorporation have been revoked:

> "A corporation may apply for reinstatement within six months from the date of certificate of revocation is issued by the commission revoking the articles of incorporation of such corporation. If none of the conditions set forth in subsection A of this section exists at the time of such application for reinstatement and, if such corporation has paid all fees, penalties, and costs incurred by the commission, the commission shall issue a certificate of reinstatement."

The obvious difference between the old reinstatement provisions and the new reinstatement provisions is that under old law, § 10–213, there was a six-month mandatory reinstatement period followed by an indefinite period in which the Corporation Commission could exercise discretion in reinstating a corporate charter upon a showing of good cause. Under the new law, § 10–095, the initial six-month mandatory reinstatement period is the only period in which the corporation may seek to reinstate its charter. The discretionary period was deleted.

In December, 1976, appellees tendered all of the delinquent annual reports and fees and applied for reinstatement. The Corporation Commission refused to either grant appellees an automatic reinstatement or grant a hearing in which appellees could show cause why their corporate charter should be reinstated. Instead, the Commission returned the tendered filings to appellees, refusing to accept them for filing. Following this action by the Corporation Commission, appellees brought a complaint for special action in Superior Court seeking to compel the Corporation Commission to either reinstate their respective corporate charters or, in the alternative, to require the Corporation Commission to hold a hearing affording appellees an opportunity to show cause why their corporate charters should be reinstated. Following the filing of the complaint, appellants filed their motion to dismiss, or, alternatively, for summary judgment. The appellees then filed their cross-motions for summary judgment which were granted by the trial court, holding that appellees were entitled to automatic reinstatement. Following the entry of a formal judgment, appellants brought this timely appeal.

In their brief, appellees have correctly stated the only three alternatives that the Commission could have pursued in this case:

> "1. If the new law is applied, but not retroactively, the appellees have an absolute right to be reinstated, having applied within six months after the statutes effective date.

2. If the provisions of the old law apply, the appellees have the absolute right to show good cause to the Commission why they should be reinstated, and, upon a showing, to be reinstated.

3. If the provisions of the new law strictly apply and the statute is applied retroactively, the appellees cannot be reinstated."

The trial court accepted the first alternative. However, appellants argue that the provisions in the new law are of a procedural nature and that the new law, therefore, is the only law under which appellees can seek reinstatement. Having filed their application for reinstatement more than six months after their respective charters were revoked, appellants' argument continues, appellees are not now eligible for reinstatement by any procedure.

As to the first alternative, the appellees argue that the time in which the appellees must apply for reinstatement commences as of the effective date of the new act. Otherwise, commencing the six-month period as of the date of revocation of the corporate charter, would be tantamount to a retroactive application of the new statute and impose a penalty upon the appellees which did not exist at the time the revocations were issued. The penalty, the argument continues, being the permanent loss of their corporate charters. Appellants, on the other hand, argue that the change is procedural only and should be applied retroactively. Because appellees did nothing to apply for their right of reinstatement until after the effective date of the new statute and their respective rights, the new statute now cuts off any right to apply for reinstatement.

■ No statute is retroactive unless expressly declared so by the Legislature. A.R.S. § 1–244.[1] *Gallo v. Industrial Commission of Arizona,* 83 Ariz. 392, 322 P.2d 372 (1958); *Gietz v. Webster,* 46 Ariz. 261, 50 P.2d 573 (1935). The exception to this rule, however, is that statutory changes in procedures or remedies may be applied to proceedings already pending except where the statute effects or impairs vested rights. *Merchants Despatch Transportation Corporation v. Arizona State Tax Commission,* 20 Ariz.App. 276, 512 P.2d 39 (1973); *In re Dos Cabezas Power District,* 17 Ariz.App. 414, 498 P.2d 488 (1972); *Bade v. Drachman,* 4 Ariz.App. 55, 417 P.2d 689 (1966). In this case, the statutory change involves merely the procedure of reinstating a corporate charter once that charter has been revoked by the Corporation Commission. Appellees certainly have no vested rights in the procedure by which they may be permitted to do an act so long as they are given a reasonable time in which to accomplish that act. See *State Compensation Fund v. Industrial Commission,* 24 Ariz.App. 31, 535 P.2d 623 (1975). Here, the enactment of A.R.S. § 10–095 places appellees upon notice that if they wish to reinstate their corporate charter, they had best do so before the new statute becomes effective. See *Cummings v. Rosenberg,* 12 Ariz. 327, 100 P. 810 (1909); *Steinfeld v. Nielsen,* 15 Ariz. 424, 139 P. 879 (1913). The change in the means by which a corporation may seek reinstatement of its revoked corporate charter is a procedural change and, as such, would be applied retroactively in the absence of a contrary intent expressed by the Legislature. It is this contrary intent that requires reversal of the trial court's judgment.

■ At the same time that A.R.S. § 10–095 was enacted, A.R.S. § 10–149 was likewise enacted as a part of the revamping of the general corporation law of this State. This section provides that:

"The repeal of a prior act by this chapter shall not affect any right accrued or established, or any liability or penalty incurred, under the provisions of such act prior to the repeal thereof."

The effect of this savings clause is to preserve for all corporations who have had their charters revoked the right to renew

---

1. A.R.S. § 1–244 provides as follows:

"No statute is retroactive unless expressly declared therein."

their corporate charters under the old corporation law, A.R.S. § 10–213. Appellants, however, argue that the phrase, "any right accrued or established, or any liability or penalty incurred," means that the corporation must have first, prior to the effective date of the new law, caused some act to occur which would activate the accrual or establishment of such right. In support of this argument, appellants have cited *Steinfeld v. Nielsen,* supra, and *Cummings v. Rosenberg,* supra. These cases hold that before a right to continue unaffected a procedure under the pre-existing law, that person seeking to avoid the retroactive effect of the new act must first have committed some new act to preserve their status under the pre-existing law.[2] Neither of these cases, however, involve the particular fact situation with which we are dealing. In this case, the Legislature has by express act, declared that any rights which have accrued or were established prior to the effective date of the new act shall be preserved. In this case, it is the revocation of the corporate charter under the pre-existing law that gives rise to the right to apply for reinstatement under A.R.S. § 10–213. We, therefore, hold that § 10–213 is the proper statute to apply in this case.

The net effect of this holding is that appellees are neither entitled to automatic reinstatement nor are they left without a means by which to seek reinstatement. The appropriate action, then, is that appellees, having filed after the expiration of the initial six-month period, must be granted a hearing by the Corporation Commission at which the appellees may each appear and show cause why their Articles of Incorporation should be reinstated.

Reversed and remanded for entry of judgment in accordance with this opinion.

WREN, P. J., and CONTRERAS, J., concur.

---

2. *Steinfeld v. Nielsen* involved the filing of a notice of appeal prior to the effective date of a new statute limiting the right of appeal and *Cummings v. Rosenberg* involves the filing of a complaint prior to the effective date of a statute limiting the time in which such an action can be brought.