150 P.3d 782

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Petitioner,**

v.

**The Honorable Ronald S. REINSTEIN, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, Respondent Judge,**

**Vanna C., Gabriel T., Elizabeth T. aka Elizabeth C., Maria T., Magdalena T., and Mariaset T., aka Monaset T., Real Parties in Interest.**

**No. 1 CA–SA 06–0274.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 18, 2007.

---

Terry Goddard, Arizona Attorney General By Dawn R. Williams and Gaylene Morgan, Assistant Attorneys General, Tucson, Attorneys for Petitioner.

Office of the Legal Defender By Robert B. Bushor, Phoenix, Attorneys for Real Parties in Interest.

## OPINION

EHRLICH, Judge.

¶1 The Arizona Department of Economic Security ("ADES" or "Agency") has petitioned for relief from a trial court order requiring a jury trial in a case in which it seeks the termination of the rights of Vanna C. and Gabriel T. ("the Parents") to their children. At issue is a statute that, before January 1, 2007, gave a parent the choice of a trial to a court or a trial to a jury in a severance action. On January 1, 2007, the delayed repeal clause of the statute became effective, and a parent thereafter was allowed only a trial to a court. The court ordered that the Parents are entitled to a jury trial because the proceedings against them had begun, and their request for a jury had been filed, before December 31, 2006, although the trial would not begin until after January 1, 2007.

### FACTUAL AND PROCEDURAL HISTORY

¶2 ADES filed a motion to terminate the Parents' rights to their children on September 26, 2006. On October 17, 2006, the trial court noted in a minute entry that the Parents had requested a jury trial. Although the Parents requested that their trial proceed before December 31, 2006, because of the Agency's and the court's other commitments, the trial was scheduled to begin on January 12, 2007. ADES then argued that the Parents would no longer be entitled to a

jury trial because the statutory provisions that had permitted a jury trial had been repealed effective December 31, 2006, in favor of a court trial.

¶ 3 The trial court conducted a consolidated hearing on this and other pending parental-termination cases regarding the applicability of the statutory provision for jury trials after January 1, 2007.[1] It concluded that, if ADES had filed a motion to terminate a parent's rights and if the parent had requested a jury trial before December 31, 2006, he or she would be entitled to such a proceeding, even if it would not begin until after January 1, 2007. We agree.

## DISCUSSION

### 1. Jurisdiction and Standard of Review

■ ¶ 4 The petitioner and the real parties in interest ask that we accept jurisdiction of this special action, and we agree that it is appropriate to do so for two reasons. The first reason is that a special action is the proper procedure to challenge the denial of a jury trial. See John C. v. Sargeant, 208 Ariz. 44, 46 ¶ 8, 90 P.3d 781, 783 (App.2004) ("A petition for special action is the appropriate method to challenge the denial of a jury trial."); see also State ex rel. Wangberg v. Smith, 211 Ariz. 101, 103 ¶ 5, 118 P.3d 49, 51 (App.2005) (same). The second reason is that this case presents a purely legal question of first impression and statewide importance. Martin v. Reinstein, 195 Ariz. 293, 300 ¶ 9, 987 P.2d 779, 786 (App.1999); see also ChartOne, Inc. v. Bernini, 207 Ariz. 162, 165–66 ¶¶ 8–9, 83 P.3d 1103, 1106–07 (App. 2004) (Questions of law are "particularly appropriate for special action review," as are questions "of statewide importance and of first impression." (Citations omitted.)).

¶ 5 ADES challenges the trial court's interpretation of a statutory design. This calls into question legal issues, which we review de novo. Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8, 206 Ariz. 344, 346 ¶ 4, 78 P.3d 1065, 1067 (App.2003).

### 2. The Statutory Scheme

■ ¶ 6 Whether there shall be a trial by jury in a state civil action is determined by the individual state. See Hawkins v. Bleakly, 243 U.S. 210, 216, 37 S.Ct. 255, 61 L.Ed. 678 (1917) ("The state of Iowa, therefore, is as much at liberty as any other state to abolish or limit the right of trial by jury."); Walker v. Sauvinet, 92 U.S. 90, 92, 23 L.Ed. 678 (1875) ("The States, so far as [the Seventh] Amendment is concerned, are left to regulate trials in their own courts in their own way."); Olesen v. Trust Co. of Chicago, 245 F.2d 522, 524 (7th Cir.) ("Trial by jury in civil actions in state courts may be modified by a state or abolished altogether." (Citations omitted.)), cert. denied, 355 U.S. 896, 78 S.Ct. 270, 2 L.Ed.2d 193 (1957); see generally Colgrove v. Battin, 413 U.S. 149, 152–56, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). The Arizona Constitution does not mandate that there be a jury trial for parental-termination proceedings, but the Legislature passed such a provision. Monica C. v. Ariz. Dep't of Econ. Sec., 211 Ariz. 89, 93 ¶ 17, 118 P.3d 37, 41 (App.2005) ("Neither the Arizona Constitution nor the federal constitution requires a jury trial for severance proceedings, although some states (including Arizona) have made that provision on a statutory basis." (citation omitted)); see also John C., 208 Ariz. at 46–47 ¶ 11, 90 P.3d at 783–84. "Indeed, until [Arizona Revised Statutes] A.R.S. § 8–223 was amended in 2003, there was no ability or authority for a court to convene a jury for a severance proceeding, let alone a constitutional mandate that required a jury." Monica C., 211 Ariz. at 93 ¶ 17, 118 P.3d at 41 (emphasis and footnote omitted). Nonetheless, "[w]hile the right to a jury in a severance trial is statutory rather than constitutional, it is an important right. Rothweiler v. Superior Court, 100 Ariz. 37, 47, 410 P.2d 479, 486 (1966) ('The right to a jury trial should be jealously guarded and preserved by the courts, whether granted by the constitution or statutes.')." John C., 208 Ariz. at 46–47 ¶ 11, 90 P.3d at 783–84.

---

1. These fifty-five consolidated cases include the case of Vanna C. and Gabriel T., and their case is the one that is the subject of this special action.

The remaining 54 cases are being held in abeyance by the trial court.

¶ 7 In amending A.R.S. § 8–223, the Arizona Legislature provided that, effective December 18, 2003, "[a] hearing to terminate parental rights that is held pursuant to [A.R.S. § ] 8–537 or [A.R.S. § ] 8–863 shall be tried to a jury if a jury is requested by a parent, guardian or custodian whose rights are sought to be terminated." 2003 Ariz. Sess. Laws, ch. 6, § 3. It included in the statute, however, a "delayed repeal clause" that the statute would remain in effect only until January 1, 2007. 2003 Ariz. Sess. Laws, ch. 6, § 45.

¶ 8 At the same time, the Legislature passed first and second versions of A.R.S. § 8–537 (Supp.2003) and A.R.S. § 8–863 (Supp.2003). The first versions were to remain in effect through December 31, 2006. The second versions became effective on January 1, 2007. The first version of A.R.S. § 8–863(B) provided that "[t]he court or jury may terminate the parental rights of a parent if the court or jury finds by clear and convincing evidence one or more of the grounds prescribed in § 8–533." The second version of A.R.S. § 8–863(B) provides that only the court may act. Similarly, the first version of A.R.S. § 8–537(B) provided that, if the petition to terminate parental rights is contested, a hearing shall be held, and "[t]he court's or jury's findings with respect to grounds for termination shall be based upon clear and convincing evidence," but the second version addresses only the court's findings.

### 3. Legislative Intent

¶ 9 This court's "primary goal in interpreting statutes is to discern and give effect to legislative intent." John C., 208 Ariz. at 46 ¶ 10, 90 P.3d at 783 (quoting Hobson v. Mid–Century Ins. Co., 199 Ariz. 525, 529 ¶ 8, 19 P.3d 1241, 1245 (App.2001)). We look first to the plain language of the statute as the best

evidence of that intent. Zamora v. Reinstein, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); see also Brunet v. Murphy, 212 Ariz. 534, 539 ¶ 20, 135 P.3d 714, 719 (App.2006) ("We interpret statutes according to their plain meaning." (Citation omitted.)).

¶ 10 ADES argues that the "plain language" of the statute supports its position that the right of a parent to have a jury decide whether to terminate a parent-child relationship exists only until December 31, 2006. Conversely, the Parents argue that the "obvious conclusion" to be gleaned from the statutory design is that, while the right to have a jury trial does end on December 31, 2006, if a jury proceeding is sought before that date, it is of no consequence when the trial in fact proceeds. To us, however, the language of the statute does not make clear the legislative intent on this particular issue.[2]

### 4. A.R.S. § 1–244

¶ 11 The Legislature has declared that "[n]o statute is retroactive unless expressly declared" in the statute itself. A.R.S. § 1–244. There is no such provision in the statutes that we are addressing. "The exception to this rule, however, is that statutory changes in procedures or remedies may be applied to proceedings already pending except where the statute affects or impairs vested rights." Wilco Aviation v. Garfield, 123 Ariz. 360, 362, 599 P.2d 813, 815 (App. 1979).

¶ 12 ADES maintains that the version of the statutes in effect until January 1, 2007, pertains to a procedure "affect[ing] merely who decides a case," and, therefore, the version effective as of January 1, 2007, may be applied even to those cases in which a motion to terminate parental rights and the parent's election of a jury trial were filed before that

---

2. This court may look to many different factors in order to discern the legislative intent of a statute such as "its historical background, its effects and consequences, and its spirit and purpose," Wyatt v. Wehmueller, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991), but the history of this legislation reveals no statement of intent. All that is reflected is in the Minutes of the Arizona House of Representatives Committee on Appropriations Special Meeting for the Forty-sixth

Legislature—Second Special Session when one person voiced a concern that "[j]ury trials for termination of parental rights will adversely impact the child by making the movement to permanency longer" and that "he would not object to a quick sunset on the jury trial provision." While this may suggest why the delayed repeal of A.R.S. § 8–223 was included, it does not assist in the resolution of the issue before us.

date. It relies in part on *Goldman v. Kautz*, 111 Ariz. 431, 531 P.2d 1138 (1975).

¶ 13 The court in *Goldman* addressed A.R.S. § 22–320, which, as quoted by the court, provided:

> A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived.

*Id.* The court wrote:

> We do not think the quoted section grants a substantive right, but, rather, was intended to be procedural and must be read as meaning that *a trial by jury shall be had if demanded in cases where a jury trial is appropriate. If the Legislature intended to grant a jury trial in every case, it would have no doubt said so in plain, explicit language.*

*Id.* (emphasis amended). It held that Goldman was not entitled to a jury trial because he had been charged with an offense that was one of a number of petty offenses that did not require a jury trial. *Id.* In other words, his was not one of the cases in which the Legislature had plainly and explicitly granted a jury trial in every case. Rather, as the court held, because A.R.S. § 22–320 did not grant a right when that right did not otherwise exist, it was a procedural statute. *Id.* This court distinguished *Goldman* from the case before it on that very basis in *Smith*, 211 Ariz. at 103–04 ¶¶ 10–11, 118 P.3d at 51–52, when it wrote that, in the statute at issue in *Smith*,[3] unlike that in *Goldman*, the Legislature had established a substantive right to a jury trial in a specific type of case. *See Manic v. Dawes*, 213 Ariz. 252, 254–55 ¶¶ 9–17, 141 P.3d 732, 734–35 (App.2006).

¶ 14 To make that point clear in the category of parental-termination cases, the Legislature passed at the same time two versions of the same statutes, one version effective before January 1, 2007, which provided for a court or jury trial, and one version effective on and after January 1, 2007, which provided only for a trial to the court. It could hardly have spoken more plainly or more explicitly

that it intended thereby to provide a substantive right to a jury trial in a specific type of case at the election of a person whose parental rights ADES was seeking to sever.

### 5. Accrued versus Vested Rights

¶ 15 ADES contends that, if the election of a jury trial is a substantive right of the parent rather than a matter of procedure, because the right had neither accrued nor vested until the Agency filed a motion to terminate a parent's rights and the parent chose to have a jury trial, any such right could be abrogated before then. The Parents respond that we need not address that argument because, indeed, the Agency had filed a motion to terminate their rights and they had chosen to proceed before a jury before December 31, 2006.

¶ 16 This court in *Brunet* distinguished between when a right has vested and when a right has accrued:

> A right, even though accrued, does not vest until "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest." [*Hall v. A.N.R. Freight Sys., Inc.*, 149 Ariz. 130, 140, 717 P.2d 434, 444 (1986).] Thus, until the holder of the accrued right chooses to assert it, the right is subject to an "event that may prevent (its) vesting," such as ... a change in the law by the legislature. *Steinfeld v. Nielsen*, 15 Ariz. 424, 465, 139 P. 879, 896 (1913) (rights "are contingent when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting").

212 Ariz. at 537–38 ¶ 13, 135 P.3d at 717–18. There is, then, no doubt but that the Parents' right to a jury trial had accrued and vested before the statute's repeal. The right accrued when ADES filed its motion to terminate the Parents' rights on September 26, 2006, because it was by the filing of this motion that the Agency began the proceeding for which the parent could then seek a

---

**3.** The statute in question, A.R.S. § 28–1381(F), stated: "At the arraignment, the court shall inform the defendant that the defendant may re-

quest a trial by jury and that the request, if made, shall be granted."

jury's resolution.[4] This right, having accrued, vested when the Parents elected to proceed before a jury, which occurred no later than on October 17, 2006. The change in the law was effective months later. Therefore, the right of these parents and of any parent against whom ADES was proceeding and who asked for a jury trial before December 31, 2006, was not affected by the repeal because the right had accrued and vested before then. It could not therefore be abrogated by a subsequent act.

### 5. A.R.S. § 1-249

¶ 17 The general savings statute, A.R.S. § 1-249 (2002), provides that "[n]o action or proceeding commenced before a repealing act takes effect, and no right accrued, is affected by the repealing act, but proceedings therein shall conform to the new act so far as applicable." As this court observed in *Brunet*, 212 Ariz. at 539 ¶ 20, 135 P.3d at 719, this statute has two aspects. First, no action or proceeding begun before the repealing act is effective is affected by the repealing act. *Id.* Second, no right that has accrued is affected by the repealing act. *Id.* at ¶ 21.

¶ 18 The Legislature made its intent to repeal the first version of the statutes clear by including in A.R.S. § 8-223 a delayed repeal clause that the statute would remain in effect only until January 1, 2007,[5] and by passing two versions of two other statutes to address parental-termination proceedings before and after that date. 2003 Ariz. Sess. Laws, ch. 6, § 45. The action against the Parents was begun before the repeal was effective on January 1, 2007, and the Parents' right to a jury trial had accrued and vested as of that date.[6]

### CONCLUSION

¶ 19 For the foregoing reasons, we accept jurisdiction of the special action, and we deny relief.

---

**4.** We need not address the Parents' suggestion that the right to a jury accrues when ADES files a dependency petition given that we hold in their case that the accrued right vested when they requested a jury before December 31, 2006.

**5.** The repealing provision is part of A.R.S. § 8-223, but a statutory amendment repealing a right that previously existed also constitutes a repealing act for the purpose of A.R.S. § 1-249. *See Maricopa County v. Douglas*, 69 Ariz. 35, 42, 208

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and SHELDON H. WEISBERG, Judge.

---

P.2d 646, 650 (1949); *see also Tucson Elec. Power Co. v. Apache County*, 185 Ariz. 5, 23, 912 P.2d 9, 27 (App.1995).

**6.** Because A.R.S. § 1-249 does not distinguish between a substantive and procedural right but only states that no current statutory right will be affected by the repeal of that statute, it is not necessary to discuss any such distinction.