NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MANUEL T., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, E.E., A.E., V.E., Y.E., D.E.,[1] *Appellees.*

No. 1 CA-JV 14-0036
FILED 08-19-2014

Appeal from the Superior Court in Maricopa County
No. JD510625
The Honorable Brian K. Ishikawa, Judge

**AFFIRMED**

COUNSEL

Law Office of Bernard P. Lopez, Phoenix
By Bernard P. Lopez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellees*

---

[1] Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess., effective May 29, 2014, the Department of Child Safety is substituted for the Arizona Department of Economic Security. *See* Ariz. R. Civ. App. P. 27.

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

¶1          Father Manuel T. appeals from the denial of his motion to set aside an order terminating his parental rights to A.E. (born in 2004) and E.E. (born in 2006)[2] after he failed to appear at the initial hearing on a motion to terminate his parental rights. Father argues the superior court abused its discretion by denying his motion to set aside because he was incarcerated at the time of the hearing. Because Father failed to argue or make the required factual showing that a meritorious defense to the motion to terminate exists, and because the record supports the superior court's finding of abandonment, the denial of Father's motion to set aside is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2          In November 2012, the Department of Child Safety (DCS) filed a dependency petition alleging, as to Father, that he had abandoned the children. Father was in custody at the time. Father appeared by telephone at a court hearing and mediation and in January 2013, the children were found dependent as to Father after he denied the allegations but submitted the matter to the court. The superior court adopted a family reunification case plan.

¶3          Father was released from prison on supervised release on April 10, 2013. Father apparently absconded in August 2013, his supervised release was revoked, he was again imprisoned on September 24, 2013 and then released on December 12, 2013. From the January 2013 dependency finding until January 2014, Father did not participate in any court hearings or services. Father did not call in to an April 5, 2013 review hearing; did not appear at a May 8, 2013 review hearing (when he was not

---

[2] The caption has been amended to safeguard the juveniles' identities pursuant to Administrative Order 2013-0001.

in custody) and did not appear at an August 23, 2013 review hearing (again, when he was not in custody). No good cause was provided for Father's failure to attend the May or August 2013 hearings. Given the lack of progress in the case, at an August 2013 review hearing, the court adopted a concurrent case plan of severance and adoption.

¶4         DCS made numerous attempts to contact Father and to provide reunification services. An April 2013 Foster Care Review Board (FCRB) report noted Father had not seen the children since May 2011. Although Father had telephone contact with DCS in May 2013, he did not follow up, did not respond to letters or calls, did not visit the children and did not support them. An October 2013 FCRB report noted Father "did not engage in services" while released, and "was reportedly incarcerated again" in late September 2013. A late November 2013 DCS report concludes that Father "has not come forward to parent." An early December 2013 minute entry reflects DCS's report that there had been no "contact from the parents with [DCS] . . . or the children."

¶5         The superior court changed the case plan to severance and adoption at a November 2013 review hearing and DCS served the motion to terminate on Father's counsel. At the December 4, 2013 initial hearing on the motion to terminate, Father did not attend or call in and he had not been in contact with his attorney recently. When the court asked about Father's whereabouts, his attorney stated "I have not had any contact with my client. I'm not sure where the address [provided by another party] came from but he's not in prison. I don't really have a good contact – he hasn't contacted me since he's been released, so I don't have any contact information for him. I did receive the State's copy of the motion, however." The court found Father had been properly served through counsel, but had failed to appear without good cause shown. The court then received evidence on the motion to terminate, allowing Father's counsel to fully participate in the hearing.

¶6         Along with documentary evidence, a DCS caseworker testified that Father

> [H]asn't had any contact with his children since he's been released from prison and to my knowledge, he hasn't had any contact with the children once incarcerated . . . I've located him while he was in prison on one occasion and at his release, I was able to locate him at a Chandler residence and had talked with him

> probably three to four times. After that, I haven't had any contact with him. I attempted to send letters to engage and [he hasn't] responded to any of those letters either.

The caseworker further testified that Father had not provided reasonable support for his children; had not maintained regular contact with his children; had not sent cards, gifts or letters or made telephone contact with his children and had failed to maintain contact or provide reasonable support in excess of six months. After considering the evidence received, the superior court found that Father

> [H]as abandoned the children and has failed to maintain a normal parental relationship with the children without just cause by failing to provide reasonable support, maintain[] regular contact with the children and/or providing normal supervision. He's paid no support. Sent no cards, gifts or letters or made any contact with these children and has failed to maintain a normal parental relationship with the children without just cause for a period of over six months.

After finding termination was in the best interests of the children, the court granted DCS' motion to terminate Father's parental rights to A.E. and E.E.

¶7 Notwithstanding that Father had been incarcerated in September 2013, he did not contact his attorney, DCS or the court at any time before he was released on December 12, 2013. Father, however, filed a motion to set aside the termination order on January 13, 2014, arguing that he was first released from prison on April 10, 2013; that his parole was revoked and he was imprisoned from September 24, 2013 until December 12, 2013 and "[d]ue to Father's incarceration, he was unable to appear for the hearing on December 4, 2013. Therefore, Father requests the Court to vacate the default finding against him and allow him to proceed with his rights" on the motion to terminate. Father's motion did not address the merits of DCS' motion to terminate. After hearing oral argument, the superior court denied the motion to set aside.

¶8          On Father's timely appeal from the superior court's denial of his motion to set aside, this court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 8-235(A), 12-2101(C) (2014).[3]

**DISCUSION**

¶9          The denial of Father's motion to set aside is reviewed for an abuse of discretion. *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 303 ¶ 7, 173 P.3d 463, 467 (App. 2007). A motion to set aside must show good cause in two respects: (1) mistake, inadvertence, surprise or excusable neglect and (2) a meritorious defense to the motion to terminate exists. *Id.* at 304 ¶ 16, 173 P.3d at 468 (citing cases). "A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge." *Id.* at 304-05 ¶ 16, 173 P.3d at 469 (quoting *Richas v. Superior Court*, 133 Ariz. 512, 517, 652 P.2d 1035, 1040 (1982)).

¶10          This court finds unpersuasive DCS' argument that Father's incarceration could not satisfy the first *Christy A.* good cause requirement. Incarceration unquestionably may constitute good cause for a failure to appear. *See State v. Bail Bonds USA*, 223 Ariz. 394, 398 ¶ 13, 224 P.3d 210, 214 (App. 2010); *see also John C. v. Superior Court (Sargeant, III)*, 208 Ariz. 44, 48 ¶ 16, 90 P.3d 781, 785 (App. 2004) (addressing good cause when parent is incarcerated in another jurisdiction), *superseded by statute on other grounds as recognized in Ariz. Dep't of Econ. Sec. v. Superior Court (Reinstein)*, 214 Ariz. 209, 211 ¶ 4, 150 P.3d 782, 784 (App. 2007). DCS correctly suggests that Father could have participated by telephone while incarcerated (and in fact did so for pre-motion to terminate hearings) and that there was no indication Father had contacted his attorney in the months after he was reincarcerated and before the December 4, 2013 hearing. On this record, however, this court will presume without deciding that Father's incarceration in September 2013 constituted good cause for his failure to appear at the December 4, 2013 hearing.[4]

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

[4] There is no record support for Father's argument on appeal that the superior court did not consider the Arizona Department of Corrections printout attached to his motion to set aside indicating he was incarcerated on December 4, 2013.

**¶11** For the second *Christy A.* good cause requirement, Father had the burden to show a meritorious defense to the motion to terminate with admissible facts and argument. 217 Ariz. at 304 ¶ 16, 173 P.3d at 468. Father's motion to set aside, however, failed to meet his burden. The motion did not purport to raise a meritorious defense to the motion to terminate. In addition, Father's motion to set aside did not offer any facts or admissible evidence addressing the merits of the motion to terminate. Similarly, on appeal, Father does not argue that he had a meritorious defense to the motion to terminate. Accordingly, because Father did not meet the second *Christy A.* good cause requirement, the superior court properly denied his motion to set aside. *Id.* at 305 ¶ 19, 173 P.3d at 469 (citing cases).

**¶12** Quite apart from Father's failure to address the second *Christy A.* good cause requirement, the record does not show that Father had a meritorious defense. The record shows Father failed to maintain contact or provide reasonable support for his children for more than six months. *See* A.R.S. §§ 8-533(B)(1), -531(1). He did not maintain contact with or support his children for an extended period while he was released and while he was in prison. Accordingly, the record shows no meritorious defense that could have been advanced that would have defeated DCS' claim of abandonment. Consequently, the superior court properly denied Father's motion to set aside.

**¶13** Finally, Father argues that, given his incarceration, "due process requires that an inquiry or examination of the reason for non-attendance is made if the prisoner comes forward later submitting evidence wanting to have his case heard on the merits." Father, however, does not cite any authority supporting an argument that due process requires more than the *Christy A.* good cause analysis. Accordingly, Father was not denied his due process rights.[5]

---

[5] Without any supporting authority, Father also argues for the first time on appeal that due process requires he receive a trial on the merits. We will not examine an issue raised for the first time on appeal, and "[m]erely mentioning an argument in an appellate opening brief is insufficient" to preserve the issue. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33, 250 P.3d 1213, 1220 (App. 2011).

**CONCLUSION**

¶**14**　　　　Finding no abuse of discretion, the superior court's denial of Father's motion to set aside is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh