NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO E.M.

No. 1 CA-JV 22-0238
FILED 3-23-2023

Appeal from the Superior Court in Maricopa County
No. JD529111
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Bailey Leo
*Counsel for Department of Child Safety*

## MEMORANDUM DECISION

Vice Chief Judge David B. Gass delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Maurice Portley[1] joined.

**G A S S**, Vice Chief Judge:

¶1     Mother appeals the superior court's order terminating her parental rights to E.M., her biological child. E.M.'s father is not a party to this appeal. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2     This court views the evidence, and reasonable inferences drawn from it, in the light most favorable to affirming the superior court's ruling. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

¶3     In September 2021, mother gave birth to E.M., and both tested positive for methamphetamine. Mother, who had untreated health problems and received no prenatal care, has a history of substance abuse. E.M. was born "blue and limp with shallow breathing" but recovered in the hospital. Two weeks after E.M.'s birth, the Department of Child Safety (DCS) took custody of her and filed a dependency petition. The superior court adjudicated her dependent five months later.

¶4     DCS offered mother services, including substance-abuse testing, assessment, and treatment. DCS also provided parent-aide services, visitation, and transportation. Throughout the case, mother continued to use methamphetamine and minimally participated in services. Seven months after E.M.'s birth, DCS moved to terminate her parental rights on two grounds: chronic substance-abuse and six-months out-of-home placement. *See* A.R.S. § 8-533.B.3, .8.b.

¶5     When E.M. was about nine-months old, mother attended the initial termination hearing when the superior court set a pretrial conference for ten days later. When mother failed to appear at the pretrial conference,

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to article VI, section 3 of the Arizona Constitution.

the superior court conducted an in-absentia termination trial and granted DCS's termination motion. Mother later moved to set aside the termination order, arguing good cause supported her non-appearance because she "was homeless and without a phone for the days immediately before and after" the hearing. As a result, she said she "had no way of contacting the court, counsel, or the department for assistance."

¶6        The superior court denied mother's motion, finding mother "failed to provide any credible explanation of how the phone was lost, the specific period when it was lost, or when/how it was recovered or a new phone was otherwise obtained." The superior court also found mother failed to explain why she could not obtain another prepaid phone or contact the court, her counsel, or DCS through some other means. And mother did not explain why she could not obtain transportation to attend the hearing.

¶7        This court has jurisdiction over mother's timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A, and -2101.A.1.

## ANALYSIS

¶8        Mother argues the superior court abused its discretion by not setting aside the termination order. "If a parent does not appear at the pretrial conference . . . , the court . . . may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear." A.R.S. § 8-537.C. "A finding of good cause for a failure to appear is largely discretionary." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (cleaned up). This court will reverse the superior court's decision only if it abused its discretion, meaning its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (cleaned up).

¶9        To prevail on a claim of good cause for nonappearance, a party must show (1) "mistake, inadvertence, surprise or excusable neglect" and (2) "a meritorious defense to the claims." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)). The superior court has broad discretion in deciding whether to find good cause for failure to appear. *See John C. v. Sargeant*, 208 Ariz. 44, 47, ¶ 13 (App. 2004), *superseded on other grounds as recognized by Ariz. Dep't of Econ. Sec. v. Reinstein*, 214 Ariz. 209, 211, ¶ 4 (App. 2007).

**¶10** Here, mother argues the superior court's findings "do not reflect either [m]other's circumstances or those of a typical homeless person" because she could not have simply bought a new phone or asked to borrow one. Though mother eventually replaced her lost cell phone, she did not explain why she could not have done so earlier. The superior court did not find credible mother's general assertion she lost her cell phone around the time of the hearing. And mother's motion to set aside is silent on what, if any, steps she took to either attend the hearing or contact the court, her counsel, or DCS through some other means.

**¶11** Mother argues the superior court's suggestion she could have borrowed someone's phone "ignore[s] the highly predictable response by any rational person when approached by a homeless person asking to borrow one's cell phone." This court recognizes the complex obstacles accompanying homelessness. But missing from mother's argument is any affirmative action reasonably prudent people would have taken when faced with the termination of their parental rights. Mother did not explain why she could not have used a public computer, asked her aunt (who was E.M.'s placement), or simply asked others for directions to the court.

**¶12** As a final point, even if mother had shown good cause, she also had to show a meritorious defense. *See Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 89, ¶ 19 (2019). A meritorious defense requires a facially meritorious, "substantial defense to the action." *Id.* at 90, ¶ 26 (citation omitted). Facts must establish the defense. *Christy A.*, 217 Ariz. at 304–05, ¶ 16. "[C]onclusions, assumptions, or affidavits based on other than personal knowledge" are insufficient. *Id.*

**¶13** Here, mother asserted she was "still seeking visitation" through placement, so severance was not in E.M.'s best interests. The parties dispute whether a meritorious defense can apply to a best-interests determination. Even assuming it could, mother failed to show one here. *See Trisha A.*, 247 Ariz. at 89, ¶ 22.

**¶14** Mother's conclusory statement, even if true, does not challenge the court's finding E.M. would benefit from termination in several ways—including becoming free for adoption by a relative who had been meeting her needs and could give her permanency and stability. And mother does not say whether she was regularly seeking visitation or if her inability to seek visitation after severance would cause E.M. a detriment. Mother did not suggest she had a strong bond with E.M. Additionally, her statement she was "still seeking visitation" does not undermine the case manager's testimony "[m]other participated in one visit[] recently," but

before then, "ha[d] closed out of numerous visitation referrals." Indeed, the superior court considered mother's recent visit with E.M., but concluded severance was still in E.M.'s best interests.

**CONCLUSION**

¶15        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA