IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EFG AMERICA, LLC, a Delaware limited liability company; DOUGLAS
ELROY FIMRITE, a married man; MARK BOYD and GINGER BOYD,
spouses; DONALD CARROLL and SONIA CARROLL, spouses,
*Petitioners*,

*v.*

ARIZONA CORPORATION COMMISSION; COMMISSIONERS JIM
O'CONNOR, LEA MARQUEZ PETERSON, ANNA TOVAR, KEVIN
THOMPSON, and NICK MYERS, *Respondents*.

No. 1 CA-SA 25-0016

FILED 04-08-2025

Arizona Corporation Commission
No. S-21301A-24-0076
The Honorable Yvette Kinsey, Administrative Law Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

McGill Law Firm, Scottsdale
By Gregory G. McGill, Ryan G. McGill
*Counsel for Petitioners*

Arizona Corporation Commission, Phoenix
By Elizabeth M. Schmitt, Sasha Andersen
*Counsel for Respondents*

---

**OPINION**

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**M O R S E**, Judge:

¶1        EFG America, LLC, Douglas Elroy Fimrite, Mark and Ginger Boyd, and Don and Sonia Carroll (collectively "Petitioners") seek special-action relief from the Arizona Corporation Commission's ("Commission") denial of their motion for change of venue to the superior court for a jury trial.  Petitioners argue that *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024), entitles them to a jury trial in an enforcement action brought by the Commission.  Because *Jarkesy* involves rights under the United States Constitution that have not yet been incorporated to apply to the States, and the Arizona Constitution does not provide a jury-trial right in Commission enforcement actions, we accept jurisdiction but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In April 2024, the Commission's Securities Division ("Division") filed a complaint against Petitioners alleging violations of the Arizona Securities Act ("the Act").  *See* A.R.S. §§ 44-1841 to –1999.  The Division asked the Commission to order Petitioners to cease and desist their violative conduct, pay administrative penalties for each violation of the Act, and provide restitution.

¶3        In response, Petitioners moved for a change of venue to the superior court for a jury trial.  In support, Petitioners cited *Jarkesy*, which held that the Seventh Amendment to the United States Constitution entitles a defendant to a jury trial when the Securities and Exchange Commission ("SEC") imposes civil penalties on a defendant for committing securities fraud.  603 U.S. at 120–21.  Petitioners argued they were similarly entitled to a jury trial because the Commission sought the same relief as the SEC in *Jarkesy*.

¶4        An administrative law judge ("ALJ") found Petitioners had no constitutional right to a jury trial under the Seventh Amendment to the United States Constitution.  The ALJ stated the Commission would "act within its statutorily granted authority to consider th[e] case on its merits,"

*see* A.R.S. § 44-1971, and denied Petitioners' motion for change of venue. This special-action petition followed.

## JURISDICTION

¶5        "[A] special action is the proper procedure to challenge the denial of a jury trial." *Ariz. Dep't of Econ. Sec. v. Reinstein*, 214 Ariz. 209, 211, ¶ 4 (App. 2007). Special-action jurisdiction is also appropriate when a case presents "a purely legal question of first impression and statewide importance." *Id.*; RPSA 12(b)(3), (4). We accept jurisdiction because the Commission denied Petitioners a jury trial and the question before us—whether Petitioners have the right to a jury trial in Commission enforcement actions—is a legal question of first impression.

## DISCUSSION

¶6        "Whether a [defendant] is entitled to a jury trial is a question of law we review *de novo*." *Carey v. Soucy*, 245 Ariz. 547, 550–51, ¶ 12 (App. 2018).

¶7        Petitioners argue the ALJ erred by denying their motion for change of venue and urge us to apply the United States Supreme Court's *Jarkesy* analysis to the present action. *Jarkesy* considered whether the SEC could seek civil penalties against defendants for securities fraud without a jury trial. 603 U.S. at 120. Because the Seventh Amendment right to a jury trial extends to claims that are "legal in nature," the Supreme Court found that a party facing monetary penalties by the SEC is entitled to trial by jury. *Id.* at 122, 125. Petitioners argue that because the claims and penalties at issue here are legal in nature, they too were entitled to a jury trial.

¶8        But *Jarkesy* only addresses the right to a jury trial under the Seventh Amendment of the United States Constitution. Because the United States Supreme Court has not incorporated the Seventh Amendment's civil jury-trial right to the States, *Jarkesy* does not control the jury-trial right in state-court civil cases. *See McDonald v. City of Chi., Ill.*, 561 U.S. 742, 765 n.13 (2010); *Walker v. Sauvinet*, 92 U.S. 90, 92 (1875) ("The States, so far as th[e] [Seventh] amendment is concerned, are left to regulate trials in their own courts in their own way.").

¶9        Thus, to be entitled to relief, Petitioners must show that Arizona law guarantees them a right to a jury trial in Commission enforcement actions. Both parties argue whether *Derendal v. Griffith*, 209 Ariz. 416 (2005), applies to enforcement actions under the Act. Under *Derendal*, a defendant is entitled to a jury trial for a modern statutory offense

if that offense has a common law antecedent. *Id.* at 419, ¶ 10. A modern statutory offense has a common law antecedent if it "contains elements comparable to those found in the common law offense." *Id.* The parties dispute whether securities fraud under the Act has a common law antecedent.

**¶10** But we need not decide that question because we agree with the Commission's alternative argument that its powers are created and governed by Article 15 of the Arizona Constitution. Ariz. Const. art. XV, § 1(B) (creating the Commission). "The Arizona Corporation Commission, unlike such bodies in most states, is not a creature of the legislature, but is a constitutional body which owes its existence to provisions in the organic law of this state." *Ethington v. Wright*, 66 Ariz. 382, 389 (1948). Our supreme court has acknowledged that the Arizona Constitution imbues the Commission with "quasi-judicial powers," *Sun City Home Owners Ass'n v. Ariz. Corp. Comm'n*, 252 Ariz. 1, 5, ¶ 17 (2021), and the power to "prescribe rules and regulations to govern proceedings instituted by and before it," *Burns v. Ariz. Pub. Serv. Co.*, 254 Ariz. 24, 32, ¶ 14 (2022) (quoting Ariz. Const. art. XV, § 6).

**¶11** Although "[t]he right of trial by jury shall remain inviolate," Ariz. Const. art. II, § 23, Arizona law only recognizes the right to a jury trial in civil actions "when afforded by a statute or the constitution," *Williams v. King*, 248 Ariz. 311, 315, ¶ 15 (App. 2020). When interpreting the Arizona Constitution, we "give terms the original public meaning understood by those who used and approved them." *Matthews v. Indus. Comm'n of Ariz.*, 254 Ariz. 157, 163, ¶ 29 (2022). To discern that meaning, "we may consider the context of the provision, 'the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose.'" *State v. Mixton*, 250 Ariz. 282, 291, ¶ 33 (2021) (quoting *Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991)).

**¶12** We only address the Commission's internal enforcement proceedings, and not a situation in which the Commission initiates suit in the superior court. The Arizona Constitution vests the Commission with "the power and authority to enforce its rules, regulations, and orders by the imposition of such fines as it may deem just." Ariz. Const. art. XV, § 19. In this situation, Article 15 does not require a jury trial as a condition on the Commission's authority to impose fines. *Id.* §§ 1–19. Indeed, the only limitation on the Commission's fine authority is articulated in section 16. *See id.* § 19 (permitting imposition of fines "within the limitations prescribed in section 16"). Section 16 instructs that fines for each violation of the Commission's rules, regulations, orders, or decisions shall be "not less than

one hundred dollars nor more than five thousand dollars." *Id.* § 16. In contrast, other sections of the Arizona Constitution specify when a jury trial is required. *E.g.*, *id.* art. II, § 17 (prohibiting the taking of private property without just compensation, "which . . . shall be ascertained by a jury"); *id.* art. XVIII, § 5 (stating that certain affirmative defenses "shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury"). If our constitutional framers had intended to confer a jury-trial right for Commission enforcement actions, they would have done so. *See Workers for Responsible Dev. v. City of Tempe*, 254 Ariz. 505, 512, ¶ 26 (App. 2023) (noting that "we presume" that choices to employ text in one area and omit it in another are "meaningful").

**¶13**        The Arizona Constitution explicitly contemplates the legislature's ability to impose limits on claims initiated by or before the Commission. Ariz. Const. art. XV, § 6 ("The law-making power may . . . prescribe rules and regulations to govern proceedings instituted by and before [the Commission] . . . ."); *Burns*, 254 Ariz. at 32, ¶ 32. But Petitioners do not argue that the legislature has granted a jury-trial right in Commission proceedings. Given the framers' omission of such a right, and the absence of a statutory grant, we conclude that Arizona law does not grant a jury-trial right for Commission enforcement actions. Accordingly, the ALJ did not err in denying Petitioners' motion for change of venue.

### ATTORNEY FEES

**¶14**        Petitioners request attorney fees under A.R.S. § 12-341.01(A). Because Petitioners did not prevail, we deny this request and need not decide whether this matter arises from a contract.

### CONCLUSION

**¶15**        We accept jurisdiction but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR

5